**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Bruce GRAZIANO, Sam Ward,
Defendants-Appellants.**

**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Bruce GRAZIANO, Defendant-Appellant.**

**Nos. 81–7569, 81–7657.**

United States Court of Appeals,
Eleventh Circuit.

July 25, 1983.

Rehearing and Rehearing En Banc
Denied Nov. 1, 1983.

See also, 11th Cir., 682 F.2d 1384.

Garland, Nuckolls & Catts, Edward T.M. Garland, Steven H. Sadow, Atlanta, Ga., for Graziano.

Orion Douglass (Court-appointed), Brunswick, Ga., for Ward.

William H. McAbee, Melissa S. Mundell, II, Asst. U.S. Attys., Savannah, Ga., for plaintiff-appellee.

Before KRAVITCH, HENDERSON and ANDERSON, Circuit Judges.

R. LANIER ANDERSON, III, Circuit Judge:

Appellants Bruce Graziano and Sam Ward were convicted of several drug-related offenses.[1] After reviewing appellants'

1. Graziano was found guilty of engaging in a

continuing criminal enterprise (21 U.S.C.A.

several claims of error, we vacate Graziano's conviction and sentence for the offense charged in Count XI under 21 U.S.C.A. § 846 (West 1981) (conspiracy to possess marijuana with intent to distribute). We affirm Graziano's other convictions and sentences, and we affirm Ward's convictions and sentences. Our analysis of appellants' principal contentions is detailed below.

## I. SEVERANCE

■ Ward argues that the district court erred in not granting his motion for severance under Fed.R.Crim.P. 14.[2] The district court has discretion to grant or deny a Rule 14 motion for severance of defendants, and the district court's judgment will not be overturned in the absence of an abuse of that discretion. *United States v. Butera,* 677 F.2d 1376, 1385 (11th Cir.1982), *cert. denied,* —— U.S. ——, 103 S.Ct. 735, 74 L.Ed.2d 958 (1983); *United States v. Nickerson,* 669 F.2d 1016, 1022 (5th Cir.1982) (Unit B); *United States v. Berkowitz,* 662 F.2d 1127, 1132 (5th Cir.1981) (Unit B).[3] To prevail on a severance claim, "appellant must demonstrate that he received an unfair trial and suffered compelling prejudice against which the trial court was unable to afford protection." *Id.* at 1132. We hold

that Ward has not demonstrated such compelling prejudice. *See United States v. Butera, supra; United States v. Marszalkowski,* 669 F.2d 655, 660 (11th Cir.1982), *cert. denied,* —— U.S. ——, 103 S.Ct. 208, 74 L.Ed.2d 167 (1982).

Ward's specific argument concerning *De-Luna v. United States,* 308 F.2d 140 (5th Cir.1962), deserves further mention. Ward's co-defendant, Graziano, did not testify at the trial, and Ward's attorney sought to comment on Graziano's silence in closing argument. The district court ruled that the attorney could not comment on Graziano's failure to take the stand. Ward contends that such comment was necessary to contrast Ward's willingness to testify with any inferences of guilt that could be associated with Graziano's unwillingness to testify. Ward cites *DeLuna* wherein it was stated in dictum:

> If an attorney's duty to his client should require him to draw the jury's attention to the possible inference of guilt from a co-defendant's silence, the trial judge's duty is to order that the defendants be tried separately.

*DeLuna v. United States,* 308 F.2d at 141.[4]

■ As *DeLuna* has been construed, the defendant's attorney has a clear duty to

---

§ 848 (West 1981)), attempting to import marijuana (21 U.S.C.A. § 963 (West 1981)), possessing marijuana with intent to distribute (21 U.S.C.A. § 841(a)(1) (West 1981)), using a communication facility to facilitate a felony (21 U.S.C.A. § 843(b) (West 1981)), attempting to possess marijuana with intent to distribute (21 U.S.C.A. § 846 (West 1981)), conspiring to possess marijuana with intent to distribute (21 U.S.C.A. § 846 (West 1981)), and aiding and abetting (18 U.S.C.A. § 2 (West 1969)). Sam Ward was found guilty of attempting to import marijuana (21 U.S.C.A. § 963 (West 1981)), possessing marijuana with intent to distribute (21 U.S.C.A. § 841(a)(1) (West 1981)), using a communication facility to facilitate a felony (21 U.S.C.A. § 843(b) (West 1981)), attempting to possess marijuana with intent to distribute (21 U.S.C.A. § 846 (West 1981)), and aiding and abetting (18 U.S.C.A. § 2 (West 1969)).

**2.** Rule 14 states that "If it appears that a defendant ... is prejudiced by a joinder ... of defendants in an indictment or information or by such joinder for trial together, the court may

... grant a severance of defendants or provide whatever other relief justice requires."

**3.** In *Stein v. Reynolds Securities, Inc.,* 667 F.2d 33 (11th Cir.1982), this court adopted as binding precedent all of the post-September 30, 1981, decisions of Unit B of the former Fifth Circuit. *Id.* at 34. *Cf. Bonner v. City of Prichard,* 661 F.2d 1206, 1209 (11th Cir.1981) (en banc) (adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

**4.** In *DeLuna,* the attorney for Gomez, one defendant, commented on the silence of DeLuna, the other defendant. The question was whether those prejudicial comments infringed upon DeLuna's Fifth Amendment privilege against self-incrimination. 308 F.2d at 141–43. In the instant case, on the other hand, the district court did not permit Ward's attorney to comment on Graziano's silence. Hence, the question does not center on the Fifth Amendment privilege, but rather on Ward's severance claim.

comment on a co-defendant's silence only when those comments are necessary to avoid real prejudice to the defendant. *See United States v. Kopituk,* 690 F.2d 1289, 1319 (11th Cir.1982), *cert. denied,* —— U.S. ——, 103 S.Ct. 3542, 77 L.Ed.2d 1391 (1983). Real prejudice occurs only if the defenses offered by the defendant and the co-defendant are antagonistic and mutually exclusive. *United States v. Vadino,* 680 F.2d 1329, 1336 (11th Cir.1982), *cert. denied,* —— U.S. ——, 103 S.Ct. 1771, 76 L.Ed.2d 344 (1983); *United States v. Nakaladski,* 481 F.2d 289, 302 (5th Cir.1973), *cert. denied,* 414 U.S. 1064, 94 S.Ct. 570, 38 L.Ed.2d 469 (1973); *United States v. Hyde,* 448 F.2d 815, 832 (5th Cir.1971), *cert. denied,* 404 U.S. 1058, 92 S.Ct. 736, 30 L.Ed.2d 745 (1972); *Gurleski v. United States,* 405 F.2d 253, 265 (5th Cir.1968), *cert. denied,* 395 U.S. 981, 89 S.Ct. 2140, 23 L.Ed.2d 769 (1969). *DeLuna* provides a good example of antagonistic defenses. Each defendant in *DeLuna* sought to cast total blame for the criminal offense on his co-defendant.[5]

■ In the instant case, the defendants' defenses were not sufficiently antagonistic to require severance. Since Ward's attorney did not need to comment on Graziano's silence to avoid real prejudice to Ward, Ward's attorney did not have a clear duty to comment on Graziano's silence. *DeLuna* is inapplicable, and we conclude that the district court did not abuse its discretion in denying Ward's motion for severance.

## II. JURY INSTRUCTION ON SECTION 848

■ 21 U.S.C.A. § 848 defines the offense of engaging in a continuing criminal enterprise.[6] This offense includes the element of obtaining "substantial income." A person is engaged in a continuing criminal enterprise only if he "obtains substantial income or resources" from a continuing series of violations. Graziano argues that the district court's instruction on the "substantial income" element was erroneous. He contends that the instruction authorized the jury to find the element if the drug operations represented substantial *anticipated* profits to Graziano, while the statute requires a finding that Graziano actually obtained substantial income or resources. For the purpose of evaluating this contention, we assume, but expressly do not decide, that the statute requires the actual receipt of substantial income or resources, and that a defendant who merely engages in drug operations that represent substantial *anticipated* profits does not fall within the purview of the statute. After reviewing the record, we have concluded that Graziano did not sufficiently object to the use of the phrase "anticipated profits" in the district court's proposed jury instruction. As a result, we must evaluate the instruction given under the "plain error" standard. We conclude that there was no plain error.

Rule 30 of the Federal Rules of Criminal Procedure provides in part:

> No party may assign as error any portion of the charge or omission therefrom unless he objects thereto before the jury retires to consider its verdict, stating distinctly the manner to which he objects and the grounds of his objection.

Fed.R.Crim.P. 30. On this appeal, Graziano assigns as error this part of the district court's jury instruction:

> I charge you that the statutory requirement of receipt of substantial income or

---

**5.** While DeLuna's co-defendant testified, DeLuna's defense was relayed through his attorney. *See* 308 F.2d at 141–43.

**6.** 21 U.S.C.A. § 848 (West 1981) provides in relevant part:

> B. [A] person is engaged in a continuing criminal enterprise if—
> (1) He violates any provision of this subchapter or subchapter II of this chapter, the punishment for which is a felony, and

> (2) Said violation is a part of a continuing series of violations of this subchapter or subchapter II of this chapter—
> (A) Which are undertaken by such person in concert with five or more other persons with respect to whom such person occupies a position of organizer, a supervisory position, or any other position of management, and
> (B) From which such person obtains substantial income or resources.

resources is satisfied if you find that many thousands of dollars changed hands, some of which was received directly by Defendant Graziano as a result of drug trafficking operations that represented substantial, anticipated profit.

Now, the statutory requirement is also met if you find the drug trafficking operations represented substantial, anticipated profits to Defendant Graziano.

Record, vol. 9, at 136.

The following exchange occurred out of the jury's presence at the trial below. Graziano's attorney said that "the income must come from the enterprises alleged in the indictment, not some *prior* conduct." *Id.* at 96 (emphasis added). Graziano's attorney then requested "a limiting instruction to the jury to the effect that the jury would not be authorized to find the element of substantial income from any transactions other than the transactions as alleged in the indictment." *Id.* at 96–97. At that point, the government attorney agreed with Graziano's attorney and the district judge added that "the continuing enterprise could take into consideration other actions on his part; the question of substantial income could not." *Id.*

Significantly, the district court acceded to Graziano's request for a limiting instruction. The court instructed the jury:

I charge you that the burden is on the Government in this respect to prove beyond a reasonable doubt that the substantial income claimed to have been received by defendant Graziano came from the alleged violations described in the indictment. Mere expenditures by him are not enough unless coupled with proof that

the money expended came from the continuing drug violations alleged in the indictment.

*Id.* at 136. This instruction came from defense counsel's own requests. *Compare* Record, vol. 2, at 556 (requested instruction) *with id.,* vol. 9, at 136 (actual instruction). *See also id.* at 129 (charging jury that it must find that Graziano obtained substantial income from the continuing series of violations which included those in the indictment).

■ Applying Rule 30's requirements, we hold that defense counsel's statements do not state distinctly an objection to the instruction's use of the term "anticipated." Nowhere did defense counsel specifically ground his objection to the "substantial income" instruction in the use of the word "anticipated." It is defense counsel's duty to identify a jury instruction's erroneous language. *United States v. Spiegel,* 604 F.2d 961, 970 (5th Cir.1979), *cert. denied,* 446 U.S. 935, 100 S.Ct. 2151, 64 L.Ed.2d 787 (1980). If Graziano's attorney sought to delete reference to the term "anticipated," this was not made clear from any of his statements.[7] Indeed, his statements indicate that his concern was not directed at anticipated income. Instead, Graziano's attorney evidenced concern about the jury considering income obtained from prior conduct not connected with the offenses charged in the indictment. Record, vol. 9, at 96.

■ Since Graziano's attorney did not adequately object to the use of the word "anticipated" in the jury instruction,[8] our inquiry on appeal concerns the question

---

**7.** Graziano's attorney also said that he believed that "the court is inadequately charging on the subject matter of the substantial income from the enterprise." *Id.* at 99. Graziano's attorney sought to have the court consider his requested instructions which he had written by hand immediately before submitting them. Finally, Graziano's attorney said that he wanted the court "to know that we object to the charges given on page 38(e) and (f) as being insufficient . . . as a matter of law." *Id.* at 101; *see also, id.* at 148–50.

**8.** Immediately before the district court was ready to charge the jury, Graziano's attorney sought to submit his requested instructions on § 848. These instructions did not use the word "anticipated." It is too much to ask of the district court that it would be able to discern from these requested instructions that defense counsel objected to the use of the word "anticipated." Under Rule 30, moreover, requested instructions do not substitute for specific objections to the court's instructions. *See United States v. Byrd,* 542 F.2d 1026, 1028 (8th Cir. 1976).

whether the instruction constitutes plain error. *See United States v. Spiegel,* 604 F.2d at 970. Graziano's attorney, to be sure, did object generally to the instruction on substantial income. However, his objection, as we have indicated, centered on the fear that the jury would find Graziano guilty based on his receipt of substantial income from prior conduct. The plain error standard applies even where the defendant objects on one ground at trial and then argues on appeal that the objection should have been sustained on other grounds. *See United States v. Pool,* 660 F.2d 547, 559 n. 4 (5th Cir.1981) (Unit B); *United States v. Fox,* 613 F.2d 99, 101 (5th Cir.1980).

Under the plain error standard, the defendant must demonstrate that " 'the charge, considered as a whole, is so clearly erroneous as to result in a likelihood of a grave miscarriage of justice,' " or that the charge " 'seriously affects the fairness, integrity, or public reputation of judicial proceedings.' " *United States v. Thevis,* 665 F.2d 616, 645 (5th ·Cir.1982) (Unit B), *cert. denied,* 456 U.S. 1008, 102 S.Ct. 2300, 73 L.Ed.2d 1303, —— U.S. ——, 102 S.Ct. 3489, 73 L.Ed.2d 1370, & —— U.S. ——, 103 S.Ct. 57, 74 L.Ed.2d 61 (1982) (quoting from *United States v. Varkonyi,* 645 F.2d 453, 460 (5th Cir.1981) (Unit A), and *United States v. Adams,* 634 F.2d 830, 836 (5th Cir.1981)). The jury charge, even though it included the term "anticipated," was not plain error.[9] A fair interpretation of the entire charge suggests that the jury was directed to find the substantial income element only if Graziano obtained substantial income from "the alleged violations described in the indictment." Record, vol. 9, at 136. Significantly, that phrase came from the requested instructions submitted by Graziano's attorney. This suggests to us that, had Graziano's attorney specified that the use of the word "anticipated" was objectionable, the

district court would have corrected any lingering ambiguity. *See United States v. Thevis,* 665 F.2d at 645. There was no plain error here.

## III. SUFFICIENCY OF THE EVIDENCE

Graziano contends that the evidence is insufficient to support his conviction under 21 U.S.C.A. § 848[10] because the evidence did not prove that he obtained substantial income or resources from engaging in a continuing criminal enterprise. Evidence is sufficient to sustain a criminal conviction if a reasonable trier of fact could find that the evidence establishes guilt beyond a reasonable doubt. *United States v. Bell,* 678 F.2d 547, 549 (5th Cir.1982) (en banc). To evaluate the sufficiency of the evidence, the evidence is viewed in a light most favorable to the government. *Glasser v. United States,* 315 U.S. 60, 80, 62 S.Ct. 457, 469, 86 L.Ed. 680 (1942). Applying these standards, we hold that the evidence was sufficient to allow a reasonable jury to find that Graziano obtained substantial resources from a continuing series of federal drug violations.

The government's evidence showed that Graziano occupied a supervisory position in three separate incidents.[11] First, the evidence indicated that Graziano directed the attempted importation of approximately 40,000 pounds of marijuana and that this attempted offload was thwarted by the Coast Guard's capture of the mother ship. Second, the evidence detailed Graziano's participation in an attempt to import 60,000 to 80,000 pounds of marijuana. This offloading operation never took place. Third, the evidence outlined the arrangements which Graziano had made for transporting marijuana from a stashhouse in South Carolina to New York City. As it turned out,

---

**9.** We note that the plain error rule must be carefully applied to avoid conflicting with the requirements of Rule 30. *See United States v. Gerald,* 624 F.2d 1291, 1300 (5th Cir.1980), *cert. denied,* 450 U.S. 920, 101 S.Ct. 1369, 67 L.Ed.2d 348 (1981).

**10.** *See* note 6 *supra.*

**11.** Three violations of the relevant subchapters in Title 21 constitute a "continuing series of violations" under § 848. *United States v. Phillips,* 664 F.2d 971, 1013 (5th Cir.1981) (Unit B), *cert. denied,* 457 U.S. 1136, 102 S.Ct. 2965; 73 L.Ed.2d 1354 (1982).

Graziano had engaged undercover agents to drive the delivery truck. Four thousand eight hundred pounds of marijuana were loaded into the truck, but since the undercover agents drove the delivery truck, this operation also ended in failure.

■ Graziano argues that the government failed to adduce any evidence that he received substantial income or resources from these operations. While his argument is appealing at first glance, it ultimately suffers from an excessively narrow reading of § 848's requirements. Graziano's claim that he never received income from the three drug violations overlooks the plain language of § 848. By its very terms, § 848 illustrates Congress' intent to punish those persons who receive substantial "resources." Although the statute does not explicitly define the term "resources", basic principles of statutory construction suggest that marijuana itself is a resource, for purposes of applying § 848.

Under one fundamental principle of statutory construction, "words will be interpreted as taking their ordinary, contemporary, common meaning," unless otherwise defined. *Perrin v. United States,* 444 U.S. 37, 42, 100 S.Ct. 311, 314, 62 L.Ed.2d 199 (1980); *United States v. Scrimgeour,* 636 F.2d 1019, 1022 (5th Cir.1981) (Unit B), *cert. denied,* 454 U.S. 878, 102 S.Ct. 359, 70 L.Ed.2d 188 (1981). The common contemporary meaning of resources is "a natural source of wealth or revenue." Webster's New Collegiate Dictionary 978 (1979). In the context of a criminal statute dealing with drug violations, marijuana fits this definition.

■ Of course, an interpretation according to plain meaning should give effect to Congress' intention. *United States v. Apfelbaum,* 445 U.S. 115, 121, 100 S.Ct. 948,

952, 63 L.Ed.2d 250 (1980). In enacting § 848 and its companion provisions, Congress made its general purpose quite clear: to strengthen control and law enforcement over importation, manufacture, distribution, and possession of controlled substances. *See* 21 U.S.C.A. § 801(2) (West 1981). Section 848 in particular was "intended to serve as a strong deterrent to those who otherwise might wish to engage in the illicit traffic, while also providing a means for keeping those found guilty of violations out of circulation." H.R.Rep. No. 1444, 91st Cong.2d Sess. 10, *reprinted in* 1970 U.S. Code Cong. & Ad.News 4566, 4576. Section 848 effectuated Congress' intent to punish severely professional criminals engaged in continuing criminal drug violations. *See Jeffers v. United States,* 432 U.S. 137, 148 n. 14, 97 S.Ct. 2207, 2215 n. 14, 53 L.Ed.2d 168 (1977) (summarizing House floor debates).[12] This evidence of Congress's general purpose supports our interpretation of marijuana as a § 848 resource.

■ With our understanding that "resources" can mean marijuana itself, we have no difficulty in finding that Graziano obtained substantial resources. In particular, the third operation provides sufficient evidence that Graziano obtained substantial resources. As we have already indicated, the marijuana itself was a resource. Graziano "obtained" that marijuana; evidence showed Graziano's constructive possession of it. *See United States v. Davis,* 679 F.2d 845, 854 (11th Cir.1982), *cert. denied,* —— U.S. ——, 103 S.Ct. 1198, 75 L.Ed.2d 441 (1983). The 4,800 pounds of marijuana qualifies as a "substantial" amount. *United States v. Phillips,* 664 F.2d 971, 1035 (5th Cir.1981) (Unit B) (defendant received substantial income from 3,800 pounds of marijuana); *United States v. Losada,* 674 F.2d

---

12. We note that, while the statute's plain language and Congress' general purpose support our construction of the word "resources," the legislative history is silent on its meaning. The term "resources," when mentioned, is left undefined. H.R.Rep. No. 1444, 91st Cong.2d Sess. 32 & 50, *reprinted in* 1970 U.S.Code Cong. & Ad.News 4566, 4599 & 4618; S.Rep. No. 613, 91st Cong., 1st Sess. 28 & 121 (1969).

Four members of the House Interstate and Foreign Commerce Committee submitted additional views, in which they stated that "[i]t is not at all clear what is meant by deriving substantial income or resources from the enterprise." H.R.Rep. No. 1444, 91st Cong., 2d Sess., 84–85, *reprinted in* 1970 U.S.Code Cong. & Ad.News 4566, 4651–52.

167, 173 (2d Cir.1982), *cert. denied,* 457 U.S. 1125, 102 S.Ct. 2945, 73 L.Ed.2d 1341 (1982).

Overall, the evidence revealed Graziano's key management role in the several attempted drug operations.[13] That evidence, combined with the specific acquisition of the 4,800 pounds of marijuana, is sufficient to justify conviction under § 848. *United States v. Chagra,* 669 F.2d 241, 257 (5th Cir.1981) (Unit A); *United States v. Phillips,* 664 F.2d at 1035.

## IV. SENTENCING

Graziano asks this court to vacate the conviction and sentence he received for Count XI, the § 846 offense of conspiracy to possess marijuana with intent to distribute. This § 846 offense of conspiracy is a lesser-included offense of the § 848 offense of engaging in a continuing criminal enterprise. *See Jeffers v. United States,* 432 U.S. 137, 149–50, 97 S.Ct. 2207, 2215–16, 53 L.Ed.2d 168 (1977); *United States v. Michel,* 588 F.2d 986, 1001 (5th Cir.1979), *cert. denied,* 444 U.S. 825, 100 S.Ct. 47, 62 L.Ed.2d 32 (1979). In such circumstances, the proper remedy is to vacate both the conviction and sentence of the § 846 conspiracy offense. *See United States v. Michel,* 588 F.2d at 1001. We therefore vacate Graziano's conviction and sentence for conspiracy to possess with intent to distribute marijuana (Count XI).

## V. CONCLUSION

We have examined the other contentions advanced by appellants Ward and Graziano. We reject these contentions.

Accordingly, appellant Ward's convictions and sentences are AFFIRMED.

Appellant Graziano's conviction and sentence for Count XI, the § 846 offense of conspiracy to possess marijuana with intent to distribute, are VACATED. Appellant Graziano's other convictions and sentences are AFFIRMED.

---

13. For example, Graziano paid out front money to agents totaling $19,990. When one agent pressed him for more front money, Graziano explained that he had lost money in the unsuccessful first attempted importation. Graziano

concedes that the evidence could be interpreted to show that he had a proprietary interest in this first load of marijuana. Appellant's Brief at 24.