[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 14-15538
Non-Argument Calendar

_____

D.C. Docket No. 6:14-cr-00139-RBD-KRS-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JUSTIN RICHARD ULBRIK,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(August 28, 2015)

Before MARCUS, MARTIN and ANDERSON, Circuit Judges.

PER CURIAM:

Justin Richard Ulbrik plead guilty to one count of possession of child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B), and two counts of receipt of child pornography, in violation of 18 U.S.C. § 2252A(a)(2)(B). On appeal, he

argues that: (1) the district court erred by imposing certain conditions of supervised release restricting Ulbrik's ability to incur new credit charges and requiring him to release financial information to his probation officer, due to the court's incorrect belief that the conditions were standard conditions of supervised release for sex offenders; and (2) in the alternative, the conditions were substantively unreasonable. After careful review, we vacate and remand.

Where an issue is not properly preserved for appeal, the district court's decision is reviewed only for plain error. United States v. Hunerlach, 197 F.3d 1059, 1068 (11th Cir. 1999). "The plain error standard applies even where the defendant objects on one ground [before the district court] and then argues on appeal that the objection should have been sustained on other grounds." United States v. Graziano, 710 F.2d 691, 697 (11th Cir. 1983). Under plain error review, the defendant must demonstrate that (1) an error occurred, (2) the error was plain, and (3) the error affected his or her substantial rights. United States v. Rodriguez, 398 F.3d 1291, 1298 (11th Cir. 2005). If those conditions are met, we may choose to exercise our discretion to correct the forfeited error only if the error seriously affects the fairness, integrity, or reputation of judicial proceedings. Id. For an error to be plain there must be some controlling authority -- such as a statute, Supreme Court decision, or a decision of this Court -- that squarely supports the defendant's argument. See United States v. Dortch, 696 F.3d 1104, 1112 (11th Cir.

2

2012) (holding that, to be plain, an error must be "clear under current law"). To show that the error affected his substantial rights, a defendant must show a "reasonable probability that the result would have been different but for the error." United States v. Heath, 419 F.3d 1312, 1316 (11th Cir. 2005) (quotation omitted) (holding that the imposition of an improper condition of supervised release affected the defendant's substantial rights).

The standard conditions of supervised release are set forth in U.S.S.G. § 5D1.3(c). Although some of the conditions deal with a defendant's economic circumstances, none of the conditions restrict a defendant's ability to take on new debt or require the disclosure of financial information to the probation officer. See U.S.S.G. § 5D1.3(c). Rather, the conditions of supervised release concerning Ulbrik's finances appear to be based on two "special" conditions of supervised release that are recommended for cases where the court imposed a fine, an order of restitution, or in circumstances where they "may otherwise be appropriate." See id. § 5D1.3(d)(2) (prohibiting "the defendant from incurring new credit charges or opening additional lines of credit without approval of the probation officer") and § 5D1.3(d)(3) (requiring "the defendant to provide the probation officer access to any requested financial information"). A court may impose a special condition of supervised release, so long as the condition is reasonably related to such factors as the nature and circumstances of the offense and the history and characteristics of

the defendant, and the condition does not create greater deprivation of liberty than is reasonably necessary to protect the public from further crimes of the defendant and to provide the defendant with correctional treatment in the most effective manner. U.S.S.G. § 5D1.3(b).

In this case, although Ulbrik objected to the conditions at his sentencing hearing, he "argues on appeal that the objection should have been sustained on other grounds," and thus plain error review applies to his argument that the court erred in its belief that the conditions were standard. See Graziano, 710 F.2d at 697. But even under the plain error standard of review, we must vacate and remand, as we explain below.

For starters, the record flatly contradicts the government's argument that the district court did not believe the conditions were standard. When defense counsel objected to the conditions in question -- restricting Ulbrik's ability to incur new credit charges and requiring him to release financial information to his probation officer -- the court asked the probation officer about the reason for the financial conditions. The probation officer responded, "Those are normally imposed in sex offender cases. And I can see it being appropriate that we would be aware if he is trying to obtain any type of credit or anything. I think [they are] standard condition[s]." The district court then noted that "[i]f it is a standard condition, I can see where the probation office might have some need to be apprised of major

4

purchases, you know, to the extent that it might include some sort of technology equipment or computers or things of that sort." The court went on: "I don't know. I confess I've not given the matter a great deal of thought until you just raised it." Ulbrik again objected to the conditions, offering that the probation officer could monitor by other means Ulbrik's use of technology that could access the internet. The district court again overruled Ulbrik's objection and concluded, "I am going to continue to impose the standard conditions, and that's one of them."

It appears, from this somewhat ambiguous record, that the district court erroneously assumed that the financial conditions imposed were standard conditions of probation, rather than special conditions. While the judgment, issued two days <u>after</u> the sentencing hearing, listed the financial conditions in question under "Additional Conditions of Supervised Release" instead of "Standard Conditions," the entire colloquy from the sentencing hearing suggests that the court believed otherwise. Among other things, the probation officer asserted at the hearing that the financial conditions were standard conditions, and no one disputed the probation officer's assessment. Then, the court agreed with the probation officer's rationale for the financial conditions being standard ones. Further, the court concluded by saying that it would "impose the standard conditions," and that the financial conditions were included in those. Thus, the record indicates that the

district court believed the financial conditions it was imposing were standard conditions when it fashioned Ulbrik's sentence.

Because the record indicates that the district court believed that these financial conditions were standard ones, we are compelled to conclude that its error in doing so was plain. Under the clear language of the Sentencing Guidelines, these financial conditions are not standard ones. Compare U.S.S.G. § 5D1.3(c), with id. § 5D1.3(d)(2), (3). It is true that a court may impose a special condition of supervised release, so long as the condition is reasonably related to such factors as the nature and circumstances of the offense and the history and characteristics of the defendant, and the condition does not create greater deprivation of liberty than is reasonably necessary to protect the public from further crimes of the defendant and to provide the defendant with correctional treatment in the most effective manner. U.S.S.G. § 5D1.3(b). However, there is nothing in this record suggesting that the district court considered whether these special conditions were appropriate to the defendant's circumstances; rather, the record reveals that the district court's decision to impose the conditions was based on its belief that the conditions were standard. Thus, the district court's decision to impose the conditions as standard was in clear contradiction to the Guidelines, and moreover, Ulbrik has shown a "reasonable probability that the result would have been different but for the error." See Heath, 419 F.3d at 1316. The error in this case also seriously affected the

6

fairness of the judicial proceeding because the court's reasoning for imposing the conditions was based on a clear error of fact.  See Rodriguez, 398 F.3d at 1298.

Accordingly, we vacate Ulbrik's sentence as to the conditions of supervised release that he challenges on appeal and remand the case for the purpose of allowing the district court to consider whether such special conditions are appropriate under the circumstances of this case.  See U.S.S.G. § 5D1.3(b), (d).  At this stage, we need not reach the question of whether the conditions would be substantively unreasonable.

**VACATED AND REMANDED.**