[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
NOVEMBER 21, 2005
THOMAS K. KAHN
CLERK

_____

No. 05-12995
Non-Argument Calendar

_____

D. C. Docket No. 02-00549-CR-1-JEC-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

GERALD LACKEY,

Defendant-Appellant.

_____

**Appeal from the United States District Court
for the Northern District of Georgia**

_____

**(November 21, 2005)**

**Before CARNES, MARCUS and PRYOR, Circuit Judges.**

**PER CURIAM:**

Gerald Lackey appeals the district court's imposition of a two-year sentence after the court revoked Lackey's supervised release, 18 U.S.C. § 3583(e)(3). For the first time on appeal, Lackey argues that the sentence was unreasonable because the district court did not explicitly reference every factor listed in 18 U.S.C. § 3553(a) before imposing sentence. After careful review, we affirm.

Because Lackey raises his claim of error for the first time on appeal, we review it for only plain error.[1] See United States v. Aguillard, 217 F.3d 1319, 1320 (11th Cir. 2000). Under the plain error test, before we can correct an error not raised in the district court, there must be (1) error, (2) that is plain, and (3) that affects substantial rights. United States v. Heath, 419 F.3d 1312, 1314 (11th Cir. 2005). If the first three conditions are met, we may then exercise our discretion to notice a forfeited error, but only if (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings. Id.

A district court, after considering the factors set forth in 18 U.S.C. § 3553(a), may revoke supervised release and resentence a defendant. 18 U.S.C. § 3583(e)(3); United States v. White, 416 F.3d 1313, 1318 (11th Cir. 2005). These factors include: (1) the nature and circumstances of the offense and defendant's

---

[1]At the revocation of supervised release hearing, while Lackey's attorney objected that the sentence was unreasonable under United States v. Booker, 543 U.S. __, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), there was no objection based on § 3553(a).

history and character; (2) the need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, afford adequate deterrence to criminal conduct, protect the public from further of defendant's crimes; and (3) the kinds of sentence and range established by the applicable guidelines or policy statements issued by the Sentencing Commission. 18 U.S.C. § 3553(a)(1), (2)(A)-(C), (4)(B).

After Lackey filed the initial brief, and the day before the government filed the response brief, we held that "nothing in Booker or elsewhere requires the district court to state on the record that it has explicitly considered each of the § 3553(a) factors or to discuss each of the § 3553(a) factors." United States v. Scott, --- F.3d ---, 2005 WL 2351020 (11th Cir. Sept. 27, 2005). Moreover, we have upheld a sentencing determination where express consideration of the § 3553(a) factors could not change the result, and where the district court had already explicitly considered deterrence and punishment -- two factors listed in § 3553(a). United States v. Robles, 408 F.3d 1324, 1328 (11th Cir. 2005).

Here, we conclude that the district court did not plainly err in imposing a two-year sentence where the district court explicitly mentioned deterrence, the need to protect society, the maximum sentence suggested by the guidelines and accompanying policy statement, and stated, "for all the reasons set in the statute. . .

3

two years is appropriate here." Pursuant to <u>Robles</u> and our intervening decision in <u>Scott</u>, the district court was not required to enumerate and consider every factor in § 3553(a). Accordingly, we affirm Lackey's conviction and sentence.[2]

**AFFIRMED**.

---

[2]We also are not persuaded by Lackey's due-process argument. The order to show cause issued to Lackey prior to the revocation of his supervised release provided him with written notice of the violations; informed him of the evidence he might face at a hearing; and enumerated that he had an opportunity to be heard, present evidence and confront witnesses during the revocation of supervised release hearing. Although the district court did not issue a written opinion, it did explain itself in a transcribed hearing. <u>Cf</u>. <u>Morrissey v. Brewer</u>, 408 U.S. 471, 489, 92 S. Ct. 2593, 2604, 33 L. Ed. 2d 484 (1972) (enumerating that due process requirements for a revocation hearing are: (1) written notice of the claimed violations; (2) disclosure of the evidence to the defendant; (3) opportunity to be heard and to present evidence; (4) the right, absent good cause, to confront and cross-examine adverse witnesses; (5) a neutral and detached decisionmaker; and (6) a written statement by the decisionmaker, indicating the evidence relied on and the reasoning behind the revocation decision); <u>United States v. Copeland</u>, 20 F.3d 412, 415 (11th Cir. 1994) ( holding that a district court's <u>recorded or transcribed oral findings</u> which "create a record sufficiently complete to advise the parties and the reviewing court of the reasons for the revocation of supervised release and the evidence the decision maker relied upon" can satisfy the <u>Morrissey</u> requirements).