[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
July 6, 2007
THOMAS K. KAHN
CLERK

No. 06-14353
Non-Argument Calendar

_____

D. C. Docket No. 05-80173-CR-DTKH

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

TERRY DYKES,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(July 6, 2007)**

Before TJOFLAT, DUBINA and HULL, Circuit Judges.

PER CURIAM:

Appellant Terry Dykes appeals his total 24-month sentence for (1) failure to

file a demolition/renovation notice, in violation of 42 U.S.C. § 7413(c)(2)(B); and (2) failure to comply with the National Emission Standards for Hazardous Air Pollutants ("NESHAP") work practice standards, in violation of 42 U.S.C. § 7413(c)(1). In November 2000, Mark Schwartz, on behalf of Schwartz Construction Management, hired Dykes and his crew, which included Chris Magno and Greg Hill, to handle selective interior demolition of the former Northwood Hotel ("Northwood") in West Palm Beach, Florida. During the project, Dykes discovered that there was asbestos, but failed to file a notice required by the Federal Clean Air Act ("CAA"), and had his crew remove a hot water tank, covered with asbestos, and cut up copper pipes in the building, which were covered in "regulated asbestos material" ("RACM"), while not being certified or licensed to conduct abatement of asbestos. At Dykes's plea hearing, the district court indicated that it was willing to accept *Alford*[1] pleas, but then refused to accept Dykes's plea after he would not admit to criminal knowledge.

On appeal, Dykes first argues that the district court erred because it was confused as to the legal prerequisites for an *Alford* plea. He claims that, after the government presented a sufficient factual basis, the district court appeared to forget that it was an *Alford* plea, as it did not allow the plea to proceed when Dykes

---

[1]*North Carolina v. Alford*, 400 U.S. 25, 91 S. Ct. 160 (1970).

would not admit to criminal knowledge. Second, he contends that the district court abused its discretion because it was arbitrary for it to reject his plea, when only a day earlier, it accepted an *Alford* plea from a codefendant, who had similarly refused to admit criminal knowledge. Further, Dykes argues that he was prejudiced by the district court's rejection of his plea because his allegedly untruthful trial testimony was used as grounds for an obstruction-of-justice enhancement and to deny him a reduction for acceptance of responsibility, and the district court repeatedly cited the trial testimony of Hill as grounds that the offense was so serious and callous as to warrant a sentence in the middle of the guideline range.

Ordinarily, we review a district court's decision to reject a guilty plea for an abuse of discretion. *United States v. Gomez-Gomez*, 822 F.2d 1008, 1010 (11th Cir. 1987). However, because Dykes did not object to the district court's rejection of the plea below based on its confusion of the legal prerequisites of an *Alford* plea, we review this issue for plain error. *See United States v. Clark*, 274 F.3d 1325, 1326 (11th Cir. 2001); *see also United States v. Buonocore*, 416 F.3d 1124, 1128-29 (10th Cir. 2005). Under plain error review, the error must be plain, affect substantial rights, and seriously implicate the fairness, integrity, or public reputation of judicial proceedings. *Clark*, 274 F.3d at 1326. To show that an error

3

affected substantial rights, a defendant must show that the error "affected the outcome of the district court proceedings." *United States v. Heath*, 419 F.3d 1312, 1315 (11th Cir. 2005).

When a defendant attempts to plead guilty, while protesting his innocence, a trial judge may accept the plea if the defendant clearly indicates his desire to plead guilty, and a strong factual basis for the plea exists. *Alford*, 400 U.S. at 31-32, 38, 91 S. Ct. at 164-65, 167-68. A defendant, however, has no absolute right under the Constitution or Fed.R.Crim.P. 11 to have his guilty plea accepted by the court. *Gomez-Gomez*, 822 F.2d at 1010. We have found that, "when a defendant casts doubts upon the validity of his guilty plea by protesting his innocence or by making exculpatory statements," the district court may resolve such doubts against the plea. *Id.* at 1011.

The record demonstrates that the district court imposed Dykes's sentence based on trial facts that also had been elicited in the government's factual proffer during his plea hearing. Accordingly, reviewed for plain error, Dykes cannot show that the district court's rejection of his *Alford* plea affected the outcome of his case.

Next, Dykes argues that the district erred by applying an obstruction-of-justice enhancement based on its finding that he committed perjury. He contends that this was not a case where numerous witnesses contradicted him regarding facts

4

of which he could not have been mistaken, or where his testimony was transparently false, as evidenced by the fact that the jury announced that it was hung, had to have an *Allen*[2] charge, and deliberated for two and one-half days to answer the simple question of whether he knew that the insulation was asbestos. Further, he contends that, to find that a defendant perjured himself, there must be "wilfulness," and, here, he did not wilfully intend to provide any testimony, let alone, false testimony, as he had attempted to enter an *Alford* plea.

For an obstruction-of-justice enhancement, we review the district court's findings of fact for clear error and the application of the guidelines to those facts *de novo*. *United States v. Massey*, 443 F.3d 814, 818 (11th Cir. 2006). We accord great deference to the district court's credibility determinations. *United States v. Gregg*, 179 F.3d 1312, 1316 (11th Cir.1999).

> The guidelines provide for a two-level increase in the offense level:
>
> [i]f (A) the defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice during the course of the investigation, prosecution, or sentencing of the instant offense of conviction, and (B) the obstructive conduct related to (i) the defendant's offense of conviction and any relevant conduct; or (ii) a closely related offense.

U.S.S.G. § 3C1.1. (2005). Perjury, which is among the examples of conduct warranting this enhancement, U.S.S.G. § 3C1.1, comment. (n.4(b)), "has been

---

[2] *Allen v. United States*, 164 U.S. 492, 17 S. Ct. 154 (1896).

defined by the United States Supreme Court as 'false testimony concerning a material matter with the willful intent to provide false testimony, rather than as a result of confusion, mistake, or faulty memory,'" *United States v. Singh*, 291 F.3d 756, 763 (11th Cir. 2002) (quoting *United States v. Dunnigan*, 507 U.S. 87, 94, 113 S. Ct. 1111, 1116 (1993)).  We can affirm if "the district court makes a general finding of obstruction of justice that encompasses all of the factual predicates of perjury."  *United States v. Vallejo*, 297 F.3d 1154, 1168 (11th Cir. 2002) (citation and quotation marks omitted).

Because the record demonstrates that several witnesses at trial contradicted Dykes's material testimony, we conclude that the district court did not err by applying an obstruction-of-justice enhancement.

Furthermore, Dykes argues that the court erroneously applied a two-level "supervisor" enhancement.  First, he contends that, because the jury had to find, as an element of the offense, that he was an "operator" (defined as "supervisor"), imposing a supervisor enhancement upon him constituted impermissible double-counting.  Further, he contends that, because Magno and Hill, those he supervised, were not owners/operators of the work site, they were not criminally liable for the offenses of which he was convicted, and, thus, there was no basis for his U.S.S.G. § 3B1.1(c) enhancement.

6

Generally, a district court's determination of defendant's offense level due to his status as a leader or organizer is a finding of fact that we review for clear error. *United States v. Phillips*, 287 F.3d 1053, 1055 (11th Cir. 2002). However, because Dykes did not raise below his argument that Magno and Hill were not criminal participants, this argument will be reviewed for plain error. *See United States v. Bennett,* 472 F.3d 825, 831 (11th Cir. 2006). We review *de novo* allegations of impermissible double-counting under the Sentencing Guidelines. *United States v. Dudley*, 463 F.3d 1221, 1226 (11th Cir. 2006).

Under § 3B1.1(c), a two-level increase to the offense level is warranted "[i]f the defendant was an organizer, leader, manager, or supervisor." U.S.S.G. § 3B1.1(c). To qualify for this enhancement, the defendant must have been the organizer, leader, manager, or supervisor of one or more participants. U.S.S.G. § 3B1.1, comment. (n.2). "A 'participant' is a person who is criminally responsible for the commission of the offense, but need not have been convicted." U.S.S.G. § 3B1.1, comment. (n.1). The defendant is counted as one of the participants. *United States v. Holland*, 22 F.3d 1040, 1045 (11th Cir. 1994). There must, however, be one other criminal participant than the defendant. *Id.* at 1045 n.8

"Impermissible double counting occurs only when one part of the Guidelines

7

is applied to increase a defendant's punishment on account of a kind of harm that has already been fully accounted for by application of another part of the Guidelines." *Dudley*, 463 F.3d at 1226-27 (citation omitted). Double counting is permissible, however, if "the Sentencing Commission . . . intended that result and each guideline section in question concerns conceptually separate notions relating to sentencing." *Id.* at 1227 (citation omitted). "We presume that the Sentencing Commission intended separate guidelines sections to apply cumulatively, unless specifically directed otherwise." *Id.* (citations and quotations omitted). In cases where a district court has stated that, even if it erred in applying an enhancement, it would have imposed the same sentence regardless, in light of 18 U.S.C. § 3553(a) factors, any error in calculating the enhancement does not require remand, assuming the reasonableness of the sentence ultimately imposed. *United States v. Keene*, 470 F.3d 1347, 1348-49 (11th Cir. 2006).

Because we conclude from the record that the court's application of § 3B1.1(c) did not result in double-counting, and the district court did not plainly err in finding that Dykes supervised one or more participants, the district court did not err in applying a supervisory-role enhancement.

Regarding the reasonableness of his sentence, Dykes first argues that the district court erred because it presumed that a within-guidelines sentence was

reasonable. Second, he argues that the court failed to consider the nature and circumstances of the offense and the need to avoid unwarranted sentence disparities. Third, he argues that his sentence is substantively unreasonable in light of the unwarranted sentencing disparities between his sentence and that of his codefendants, and the court's "single-minded" focus on the seriousness of his misconduct.

Pursuant to the Supreme Court's instructions in *United States v. Booker*, 543 U.S. 220, 125 S. Ct. 738 (2005), we review for reasonableness a district court's sentence, imposed after consulting the guidelines and considering the factors set forth at § 3553(a). *United States v. Williams*, 435 F.3d 1350, 1353 (11th Cir. 2006). When reviewing a sentence for unreasonableness, we must evaluate whether the sentence achieves the purposes of sentencing stated in § 3553(a). *United States v. Williams*, 456 F.3d 1353, 1360 (11th Cir. 2006), *petition for cert. filed*, (U.S. Oct 19, 2006) (No. 06-7352). Our evaluation must be made having regard for the factors listed in § 3553(a) and the reasons for the particular sentence as stated by the district court. *Id.* at 1361. This is a "deferential" review, and the burden is on the defendant to prove that the sentence is unreasonable. *Keene*, 470 F.3d at 1350.

In sentencing a defendant, the factors that a district court should consider include: (1) the nature and circumstances of the offense; (2) the history and

9

characteristics of the defendant; (3) the need for the sentence to reflect the seriousness of the offense, promote respect for the law, afford adequate deterrence, protect the public, and provide needed correctional treatment; (4) the applicable guideline range; (5) the pertinent Sentencing Commission policy statements; and (6) the need to avoid unwarranted sentencing disparities. *See* 18 U.S.C. § 3553(a)(1)-(7). A district court is not required to state explicitly on the record that it has considered the § 3553(a) factors, so long as the record reflects that the court did consider those factors in reviewing the defendant's sentencing objections. *United States v. Dorman*, ___ F.3d ___, (11th Cir. June 8, 2007) (No. 04-14886); *see also United States v. Scott*, 426 F.3d 1324, 1329-30 (11th Cir. 2005).

Because the record reflects that the district court adequately and properly considered the § 3553(a) factors, we conclude that Dykes's sentence was reasonable. Accordingly, we affirm his sentence.

**AFFIRMED.**