[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCT 15, 2008
THOMAS K. KAHN
CLERK

No. 07-11996
Non-Argument Calendar

_____

D. C. Docket No. 06-00206-CR-CG-001

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

QUANG VAN NGUYEN,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Alabama

_____

**(October 15, 2008)**

Before ANDERSON, HULL and WILSON, Circuit Judges.

PER CURIAM:

Quang Van Nguyen appeals his conviction for conspiracy to possess

methamphetamine with intent to distribute, 21 U.S.C. § 846, and his 364-month sentence. On appeal, he first argues the evidence was insufficient to show any agreement to distribute methamphetamine. He argues that, at best, the evidence shows a series of buy-sell relationships, which show no objective beyond that immediately accomplished by the transaction. Further, he asserts the testimony of the investigating police officer was not supported by the witnesses who cooperated with the government in exchange for leniency. Nguyen argues that, to prove conspiracy, the government must prove more than a series of arms-length drug transactions.

We review de novo challenges to the sufficiency of the evidence in criminal trials, viewing the evidence in the light most favorable to the government. *United States v. Futrell*, 209 F.3d 1286, 1288 (11th Cir. 2000) (per curiam). To prove a conspiracy under 21 U.S.C. § 846, the evidence must show "(1) an agreement between the defendant and one or more persons, (2) the object of which is to do either an unlawful act or a lawful act by unlawful means." *United States v. Toler*, 144 F.3d 1423, 1426 (11th Cir. 1998). Conspiracy is primarily a mental offense, so "it is frequently necessary to resort to circumstantial evidence to prove its elements." *Id.* Agreement to conspire may be inferred from a continuing relationship that results in the repeated transfer of drugs to the purchaser. *United*

2

*States v. Mercer*, 165 F.3d 1331, 1335 (11th Cir. 1999) (per curiam).  However,

buyer-seller transactions in themselves do not support a conspiracy conviction.

*See United States v. Dekle*, 165 F.3d 826, 829-30 (11th Cir. 1999) (noting that

"evidence that the parties understood their transactions to do no more than support

the buyer's personal drug habit is antithetical to a finding of conspiracy").  "If the

evidence shows only a buy-sell relationship, the fact that sales are repeated,

without more, does not support an inference that the buyer and the seller have the

same joint criminal objective to distribute drugs."  *Id.* at 830.  Testimony by the

defendant, if disbelieved by the jury, may be considered as substantive evidence of

guilt.  *United States v. Williams*, 390 F.3d 1319, 1325 (11th Cir. 2004).  A jury is

free to choose among reasonable constructions of the evidence.  *Id.* at 1323.

The district court did not err by finding sufficient evidence to show Nguyen

conspired to distribute methamphetamine because there was testimony from the

investigating officer that Nguyen helped Cu Hunyh sell methamphetamine, and the

jury could reasonably have considered Nguyen's denials as evidence against him.

Nguyen also argues that the district court plainly erred by failing to instruct

the jury that a buyer-seller relationship does not alone establish a conspiracy.

Specifically, he claims the standard jury instructions on the elements of conspiracy

fail to inform the jury that the buyer-seller relationship does not, by itself,

3

establish the intent to agree required for a conspiracy. Nguyen argues that the district court's use of the plural word "purposes" in the pattern jury instruction allowed the jury to find a conspiracy even if no potential member of the conspiracy agreed with any other as to the goal of the conspiracy. Further, he claims that the weakness of the government's case required the district court to give a buyer-seller instruction.

Here, where the defendant asserts that the district court erred by not giving a jury instruction that the defendant did not request, review is for plain error. *United States v. Beasley*, 2 F.3d 1551, 1561 (11th Cir. 1993). Plain error exists if there was "(1) error, (2) that is plain, and (3) affects substantial rights. If all three conditions are met, an appellate court may then exercise its discretion to notice a forfeited error, but only if (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." *United States v. Heath*, 419 F.3d 1312, 1314 (11th Cir. 2005) (per curiam) (internal quotation marks and citation omitted).

We find reversible error in the refusal to give a requested jury instruction only if "(1) the requested instruction correctly stated the law; (2) the actual charge to the jury did not substantially cover the proposed instruction; and (3) the failure to give the instruction substantially impaired the defendant's ability to present an effective defense." *United States v. Palma*, 511 F.3d 1311, 1315 (11th Cir. 2008)

4

(per curiam), *petition for cert. filed*, No. 08-5067 (April 2, 2008) (internal quotation marks omitted).

In a case involving the use of the same pattern instruction as used in Nguyen's trial, we held the instruction "address[ed] the substance of the requested [buyer-seller] instruction." *United States v. Lively*, 803 F.2d 1124, 1128-29 (11th Cir. 1986). We explained that the instruction adequately addresses that the defendant must knowingly and willfully become a member of the conspiracy. *Id*. at 1129. We further explained that "a person who has no knowledge of a conspiracy, but who happens to act in a way which advances some purpose of one, does not thereby become a conspirator." *Id*. Thus, the instruction "adequately and correctly covered" the requested buyer-seller instruction. Because the conspiracy instruction covered the substance of the buyer-seller instruction, we find no plain error.

In addition, Nguyen argues that the district court plainly erred by using facts found by a judge and not by the jury in determining his sentence. Nguyen asserts the statutory maximum was the guideline range that would have been calculated without the use of those facts, and therefore, his Sixth Amendment rights have been violated.

When a defendant does not object to fact finding by the district court,

5

review is for plain error. *United States v. Cartwright*, 413 F.3d 1295, 1300 (11th Cir. 2005) (per curiam). When a defendant does not object to the facts in the pre-sentence investigation report, the defendant admits those facts. *United States v. Williams*, 438 F.3d 1272, 1274 (11th Cir. 2006) (per curiam). District courts are permitted to find facts by a preponderance of the evidence to use in calculating the advisory guideline range. *United States v. Douglas*, 489 F.3d 1117, 1129 (11th Cir. 2007) (per curiam), *cert. denied*, 128 S. Ct. 1875 (2008).

The district court did not plainly err because Nguyen admitted to the facts in the pre-sentence investigation report used to calculate his sentence and district courts are permitted to find facts for use in sentencing in an advisory system.

Finally, Nguyen argues that the district court imposed a procedurally and substantively unreasonable sentence. Procedurally, he argues the district court did not respond to his arguments that he was not a major drug dealer and his criminal history score did not accurately reflect his true criminal history. Further, he claims that the district court did not sufficiently explain its reasons for sentencing. Substantively, he argues his sentence was above the average sentence in this Circuit for drug trafficking and above the national average sentence for murder and kidnapping. Nguyen argues the district court was too credulous of the drug transactions described by the government's cooperating witnesses, and should

only have ascribed to Nguyen an amount of methamphetamine that would not require a mandatory minimum sentence. Additionally, he maintains that the district court's calculation of the drug quantity failed to consider the effect of a long distribution period on the quantity of drugs.

We review the final sentence imposed by the district court for reasonableness. *United States v. Agbai*, 497 F.3d 1226, 1229 (11th Cir. 2007) (per curiam). Recently, the Supreme Court clarified that the reasonableness standard means review of sentences for abuse of discretion. *Gall v. United States*, 552 U.S. __, 128 S. Ct. 586, 597, 169 L. Ed. 2d 445 (2007).

The district court must impose a sentence that is both procedurally and substantively reasonable. *Gall*, 552 U.S. at __, 128 S. Ct. at 597. The Supreme Court has explained that a sentence would be procedurally unreasonable if the district court improperly calculated the guideline imprisonment range, treated the Guidelines as mandatory, failed to consider the appropriate statutory factors, based the sentence on clearly erroneous facts, or failed to adequately explain its reasoning. *Id.* If the district court made no procedural errors, then we review the substantive reasonableness of the sentence imposed to determine whether the sentence is supported by the 18 U.S.C. § 3553(a) factors. *Id.* at __, 128 S. Ct. at 600. The § 3553(a) factors include:

7

(1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need for deterrence; (4) the need to protect the public; (5) the need to provide the defendant with needed educational or vocational training or medical care; (6) the kinds of sentences available; (7) the Sentencing Guidelines range; (8) pertinent policy statements of the Sentencing Commission; (9) the need to avoid unwanted sentencing disparities; and (10) the need to provide restitution to victims.

*United States v. Talley*, 431 F.3d 784, 786 (11th Cir. 2005) (per curiam) (citing 18 U.S.C. § 3553(a)).  There is a "range of reasonable sentences from which the district court may choose."  *Id.* at 788.  "[T]he party who challenges the sentence bears the burden of establishing that the sentence is unreasonable in light of both [the] record and the factors in section 3553(a)."  *Id.*  The weight given to particular sentencing factors is committed to the sound discretion of the district court.  *United States v. Clay*, 483 F.3d 739, 743 (11th Cir. 2007).

We have held that a district court is not required to state that it has explicitly considered each § 3553(a) factor.  *United States v. Scott*, 426 F.3d 1324, 1329 (11th Cir. 2005).  In addition, "when the district court imposes a sentence within the advisory Guidelines range, we ordinarily will expect that choice to be a reasonable one."  *Talley*, 431 F.3d at 788.

The district court's sentence was procedurally reasonable because it considered Nguyen's arguments in mitigation.  The district court's sentence was

substantively reasonable because it considered the sentencing factors, including the seriousness of Nguyen's conduct, his history of violent behavior, and the need to protect the public from a heavily armed drug dealer. Moreover, Nguyen's 364-month sentence was well within the 324-405 months advisory guideline range.

Upon review of the record and consideration of the parties' briefs, we affirm Nguyen's conviction and sentence.

**AFFIRMED.**