[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DEC 31, 2008
THOMAS K. KAHN
CLERK

_____

No. 08-12627
Non-Argument Calendar

_____

D. C. Docket No. 02-00366-CR-T-27-MSS

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CEDRIC GAY,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(December 31, 2008)**

Before BLACK, BARKETT and HULL, Circuit Judges.

PER CURIAM:

Cedric Gay appeals the district court's revocation of his supervised release.

After review, we affirm.

## I. BACKGROUND

In 2003, Gay pled guilty to possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2), and distribution of cocaine base, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C). The district court imposed concurrent sentences of 57 months' imprisonment and three years' supervised release. While Gay was serving his supervised release term, Gay's probation officer filed a petition to revoke Gay's supervised release because, inter alia, he had been arrested and charged with aggravated battery and false imprisonment of his girlfriend Diedre Carpenter.[1]

At the revocation hearing, the district court heard testimony from Deputy Ricardo Alves (who responded to a domestic robbery complaint by Carpenter on the morning of March 8, 2008), Josepha Michelle Remon (Gay's probation officer), and Carpenter. The district court also reviewed both Carpenter's handwritten statement from March 8, 2008 detailing the domestic violence incident and Deputy Alves's pictures of Carpenter from March 8, 2008.

---

[1]The petition also alleged that Gay violated the terms of his supervision by failing to submit monthly reports and to notify his probation officer about a change in residence. The district court found that Gay violated the requirement of submitting monthly reports but did not revoke Gay's supervised release on that basis. Thus, Gay does not challenge that violation on appeal.

The district court found that Deputy Alves's testimony was credible. The district court noted that Deputy Alves had testified to observing a slight swelling around Carpenter's right eye and found that the photographs were consistent with his testimony. The district court noted that it looked as though Carpenter had a slight swelling to the right of her eye, on her upper cheekbone. The district court also found that Carpenter's demeanor in front of Deputy Alves was consistent with being battered.

The district court found that Carpenter's testimony was not credible, stating, "I don't believe a word [Carpenter] said here today, other than the fact she confirmed what she wrote down." The district court noted that Carpenter now denied being pregnant or having told Gay that she was pregnant by another man, even though Carpenter and Gay made prior, contrary statements. The district court stated that it did not know whether Carpenter was in fact pregnant.

The district court found that Gay had committed a domestic violence battery against Carpenter and said, "I don't think there's any question about it." However, the district court was unable to find aggravated battery because it did not know whether Carpenter was pregnant. The court also found that the false imprisonment charge was borne out by Carpenter's statements that Gay had not allowed her to leave the room, regardless of whether she left the residence every day. Thus, the

3

district court found that Gay had violated the terms of his supervised release by committing these two crimes. The district court said it was not clear that Gay would be convicted of the offenses beyond a reasonable doubt, but the burden was "a lot less" in a revocation proceeding.

The district court revoked Gay's supervised release and sentenced him to 18 months' imprisonment and 18 months' supervised release.

## II. DISCUSSION

The district court did not abuse its discretion in revoking Gay's supervised release.[2] Deputy Alves testified that Carpenter told him that Gay questioned and beat her for six days after she told Gay that she was pregnant by another man. Deputy Alves's description of Carpenter's appearance when he interviewed her was consistent with Carpenter's domestic violence complaint. Deputy Alves testified that Carpenter was crying, appeared nervous, had a blanket or sheet wrapped around her, and moved in "a very lethargic manner" as if she was in pain. Deputy Alves also observed a "slight swelling" under Carpenter's right eye that he photographed. Carpenter's lack of other visible bruising was consistent with her

---

[2]A district court may "revoke a term of supervised release, and require the defendant to serve in prison all or part of supervised release authorized by statute . . . if the court . . . finds by a preponderance of the evidence that the defendant violated a condition of [his] supervised release." 18 U.S.C. § 3583(e)(3). This Court reviews a district court's revocation of supervised release for abuse of discretion. United States v. Frazier, 26 F.3d 110, 112 (11th Cir. 1994). The district court's findings of fact are binding unless clearly erroneous. United States v. Almand, 992 F.2d 316, 318 (11th Cir. 1993).

statement to Deputy Alves that Gay beat her in places that would not show bruises, such as her head.

In addition to Deputy Alves's testimony, Carpenter wrote a detailed, sworn statement describing Gay's battery and imprisonment of her over a six-day period. Carpenter said that she told Gay she was pregnant, Gay continuously questioned her about the pregnancy, and Gay beat her in the face, head, and back when he did not like her answers. Carpenter said that she screamed for help and picked up the phone to call the police, but Gay stopped her. She also said that she tried to get out of Gay's room, but he picked her up and threw her across the room.

It was within the province of the district court to assess the credibility of Deputy Alves and Carpenter as they testified. See United States v. Copeland, 20 F.3d 412, 413 (11th Cir. 1994). Although Carpenter recanted her prior statements that she told Gay she was pregnant and that Gay beat her, the district court was free to disbelieve her testimony at the revocation hearing and to believe instead Deputy Alves's testimony and Carpenter's prior written statement and statements to Deputy Alves. In light of Deputy Alves's testimony, Carpenter's written statement, and the photographs of Carpenter, the district court did not err in finding by a preponderance of the evidence that Gay committed a battery against Carpenter and falsely imprisoned her against her will.

5

Finally, Gay has not shown that the district court plainly erred in relying on Deputy Alves's testimony of the out-of-court statements made by Carpenter.[3] While the Federal Rules of Evidence do not apply to revocation hearings, district courts still must consider reliability and weigh "the defendant's right to confront adverse witnesses against the grounds asserted by the government for denying confrontation" before admitting hearsay testimony. United States v. Frazier, 26 F.3d 110, 114 (11th Cir. 1994). Here, Carpenter herself testified at the hearing, and Gay declined the opportunity to cross-examine her. Furthermore, Carpenter's statements to Deputy Alves and those written in her sworn statement were consistent and reliable.

For all the reasons above, we affirm the district court's revocation of Gay's supervised release.

**AFFIRMED.**

---

[3]When an issue was not raised before the district court, this Court reviews for plain error only. United States v. Heath, 419 F.3d 1312, 1314 (11th Cir. 2005). Plain error exists if there is (1) error, (2) that is plain, (3) that affects substantial rights, and (4) that seriously affects the fairness, integrity, or public reputation of judicial proceedings. Id.