[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUGUST 12, 2005
THOMAS K. KAHN
CLERK

_____

No. 05-10175
Non-Argument Calendar

_____

D. C. Docket No. 94-00161-CR-PT-E

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JAMES KINCAID HEATH,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

**(August 12, 2005)**

Before BIRCH, CARNES and BARKETT, Circuit Judges.

PER CURIAM:

In 1994, James Kincaid Heath pleaded guilty to one count of distribution of

crack cocaine, in violation of 21 U.S.C. § 841(a)(1). He was sentenced to eighty-four months imprisonment and five years of supervised release.

In July 2001, approximately seven months into Heath's five-year term of supervised release, Heath's probation officer filed a motion with the district court asking that it reconsider the terms of Heath's supervised release. After holding a hearing, the district court modified Heath's supervised release to include a condition that he submit to a mental health evaluation as well as to any necessary follow-up treatments.

In September 2004, the probation officer filed a petition with the district court asserting that Heath had not complied with the conditions of his supervised release because he had not cooperated with the doctor performing the mental health evaluation. On November 18, 2004, the district court modified Heath's conditions of release as follows:

> The defendant shall participate if and as directed by the probation office in such mental health programs as recommended by a psychiatrist or psychologist to include residential treatment, outpatient treatment, and psychotropic medications as prescribed by a medical doctor.

Sentencing Tr. at 24.

On appeal, Heath contends that the district court's 2004 modification of his supervised release improperly delegated a judicial function to the probation office, in violation of Article III of the United States Constitution. This is so, Heath says,

2

because the district court left the decision of whether he has to participate in a mental health program in the hands of the probation office.[1]  Because Heath failed to raise this issue before the district court, our review is only for plain error. United States v. Zinn, 321 F.3d 1084, 1087 (11th Cir. 2003).

Under the plain error test, "before an appellate court can correct an error not raised at trial, there must be (1) error, (2) that is plain, and (3) that affects substantial rights."  United States v. Cotton, 535 U.S. 625, 631, 122 S. Ct. 1781, 1785 (2002) (quotations omitted).  "If all three conditions are met, an appellate court may then exercise its discretion to notice a forfeited error, but only if (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings."  Id. at 631–32, 122 S. Ct. at 1785.

The district court delegated to the probation officer not only the administrative supervision of Heath's participation in the mental health program, but also the authority to make the ultimate decision of whether Heath had to participate at all.  The government concedes that the condition imposed by the district court violated Article III because it delegated a judicial function to the probation office.  Cf. Zinn, 321 F.3d at 1092 (finding no improper delegation of

---

[1] Heath makes the same argument with regard to the district court's 2001 modification of his supervised release.  Because Heath did not file a timely appeal with regard to the 2001 modification, we will not reach that issue.  See Fed. R. App. P. 4(b)(1)(A).

authority to the probation officer where the district court clearly directed that the defendant was to participate in the treatment program).

The next question, then, is whether the error was plain. An error is not plain "unless the error is clear under current law." United States v. Olano, 507 U.S. 725, 734, 113 S. Ct. 1770, 1777 (1993). The error is clear under current law. We have resolved this issue, albeit not in the precise context of participation in mental health programs. In United States v. Bernardine, 237 F.3d 1279, 1283 (11th Cir. 2001), we stated: "A court may not delegate a judicial function to a probation officer. Such a delegation would violate Article III of the United States Constitution." See also United States v. Prouty, 303 F.3d 1249, 1255 (11th Cir. 2002) (holding that giving a probation officer the authority to set a restitution schedule was an improper delegation of a core judicial function).

Requiring a defendant to participate in a mental health program as a condition of his supervised release is unquestionably a judicial function. The Supreme Court has made it clear that imposing a sentence on a defendant is a judicial function. See Ex parte United States, 242 U.S. 27, 41, 37 S. Ct. 72, 74 (1916) ("Indisputably under our constitutional system the right . . . to impose the punishment provided by law[] is judicial . . . ."). Furthermore, the sentencing guidelines expressly permit the court, and only the court, to impose "a condition

4

requiring that the defendant participate in a mental health program" as part of that sentence. U.S.S.G. § 5B1.3(d)(5).

We also note that every other circuit to address the issue has found that delegating to the probation office the authority to decide whether a defendant will participate in a treatment program is a violation of Article III. See United States v. Peterson, 248 F.3d 79, 85 (2d Cir. 2001) ("If [the defendant] is required to participate in a mental health intervention only if directed to do so by his probation officer, then this special condition constitutes an impermissible delegation of judicial authority to the probation officer."); United States v. Pruden, 398 F.3d 241, 251 (3d Cir. 2005) (expressing agreement with Peterson); United States v. Allen, 312 F.3d 512, 516 (1st Cir. 2002) (same); United States v. Sines, 303 F.3d 793, 799 (7th Cir. 2002) ("[A] district court . . . must itself impose the actual condition requiring participation in a sex offender treatment program."); United States v. Kent, 209 F.3d 1073, 1079 (8th Cir. 2000) (finding "that the lower court improperly delegated a judicial function to [the defendant's] probation officer when it allowed the officer to determine whether [the defendant] would undergo counseling"). Under these circumstances, Heath has satisfied his burden of demonstrating that the district court's error was plain.

As for the third prong of the plain error analysis, Heath must demonstrate

that the error "affected [his] substantial rights, which almost always requires that the error must have affected the outcome of the district court proceedings." United States v. Rodriguez, 398 F.3d 1291, 1299 (11th Cir. 2005) (quotations and marks omitted). "The standard for showing that is the familiar reasonable probability of a different result formulation, which means a probability sufficient to undermine confidence in the outcome." Id. (quotation omitted).

Heath has met this burden, because his sentence certainly would have been different but for the error. Absent the error, the district court would have decided whether he had to participate in a mental health program, and that decision would have been incorporated into his sentence. But because of the error, Heath's sentence reflects only that the probation office will determine whether Heath has to participate in such a program as a condition of his supervised release. Thus, Heath has "met his burden of showing a reasonable probability that the result would have been different but for the error." Id. at 1301.

The government argues that we should disregard the difference in the sentence that was imposed and focus on the actual effect of the error on Heath. It contends that the conditions of Heath's supervised release have not become more onerous because, had the district court recognized its mistake, it likely would have required Heath's participation in a mental health program instead of delegating that

6

authority to the probation office. Thus, the government argues that Heath cannot demonstrate that the error worked to his detriment.

While the government makes an interesting point, its position improperly discounts the role of the district court in imposing a sentence. The fate of a defendant must rest with the district court, not the probation office. If we were to ignore this error, the ultimate determination of Heath's sentence would remain in the hands of the probation office. We find, therefore, that Heath has demonstrated that his substantial rights were affected by the error. See United States v. Pandiello, 184 F.3d 682, 688 (7th Cir. 1999) (holding that the "unauthorized delegation" of "a core sentencing decision" deprived the defendant of a substantial right); United States v. Albro, 32 F.3d 173, 174 n.1 (5th Cir. 1994) ("[T]he unauthorized delegation of sentencing authority from an Article III judicial officer to a non-Article III official affects substantial rights."); cf. Pruden, 398 F.3d at 251 (holding that an erroneous condition of supervised release affects substantial rights).

We also find that Heath has demonstrated that "the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." Cotton, 535 U.S. at 631–32, 122 S. Ct. at 1785. A violation of Article III through the improper delegation of a judicial function meets this standard. See Pandiello, 184 F.3d at

7

688.

Based on the foregoing, the condition of Heath's supervised release imposed by the district court on November 18, 2004 is VACATED and the case is REMANDED for proceedings consistent with this opinion.[2]

**VACATED and REMANDED.**

---

[2] Heath also argues that the district court does not have the authority to order him to participate in a mental health program at all because to do so would be tantamount to an involuntary commitment in violation of his due process rights. His argument is without merit. The district court has the statutory authority to require Heath to participate in a mental health program as a condition of his release. See U.S.S.G. § 5B1.3(d)(5); see also Zinn, 321 F.3d at 1092. Heath has the option of not participating in the program and having his supervised release revoked. As we have said: "[P]robationers are often subject to limitations to which ordinary citizens are free. Such limitations are permitted because probationers have been convicted of crimes and have thereby given the state a compelling interest in limiting their liberty in order to effectuate their rehabilitation and to protect society." United States v. Cothran, 855 F.2d 749, 751 (11th Cir. 1988) (quotation omitted).