[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
NOVEMBER 22, 2005
THOMAS K. KAHN
CLERK

**No. 05-12386**
**Non-Argument Calendar**

_____

D. C. Docket No. 04-00211-CR-ORL-19-DAB

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

FRANCISCO CASTANON-HERNANDEZ,
a.k.a. Francisco Perez,
a.k.a. Francisco Carriaga, etc.,

Defendant-Appellant.

_____

**Appeal from the United States District Court**
**for the Middle District of Florida**

_____

**(November 22, 2005)**

Before BLACK, BARKETT  and MARCUS, Circuit Judges.

PER CURIAM:

Francisco Castanon-Hernandez appeals his 27-month sentence, imposed after he pled guilty to illegal re-entry into the United States, in violation of 8 U.S.C. § 1326(a). At sentencing, Castanon-Hernandez faced an enhanced statutory maximum, pursuant to 8 U.S.C. § 1326(b)(2), based on his prior conviction for an aggravated felony (possession of cocaine). For the first time on appeal, Castanon-Hernandez argues that the district court's enhancement of his sentence violated Apprendi v. New Jersey, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000), and its progeny,[1] because his prior conviction was not alleged in the indictment, admitted by him, or established beyond a reasonable doubt to a jury. After thorough review of the record and careful consideration of the parties' briefs, we affirm.

Because Castanon-Hernandez raised no objection in the district court regarding the enhancement of his sentence, we review the district court's sentencing determination for only plain error. See United States v. Shelton, 400 F.3d 1325, 1328-29 (11th Cir. 2005). Under the plain error test, before we can correct an error not raised at trial, there must be (1) error, (2) that is plain, and (3) that affects substantial rights. United States v. Heath, 419 F.3d 1312, 1314 (11th Cir. 2005). If the first three conditions are met, we may then exercise our

---

[1]See United States v. Booker, 543 U.S.---, 125 S. Ct. 738, 756, 160 L. Ed. 2d 621 (2005); Blakely v. Washington, 542 U.S. 296, 124 S. Ct. 2531, 159 L. Ed. 2d 403 (2004).

discretion to notice a forfeited error, but only if (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings. Id.

The Supreme Court has held that the government need not allege in the indictment nor prove beyond a reasonable doubt the fact that a defendant had prior convictions in order for a district court to enhance a defendant's sentence based on those convictions. Almendarez-Torres v. United States, 523 U.S. 224, 247, 118 S. Ct. 1219, 140 L. Ed. 2d 350 (1998). In Booker, the Court reiterated its holding in Almendarez-Torres. See 125 S. Ct. at 756 ("Any fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt.") (emphasis added)).

We have observed that the Almendarez-Torres decision "was left undisturbed by Apprendi, Blakely, and Booker." Shelton, 400 F.3d at 1329. Castanon-Hernandez recognizes that we have consistently rejected the argument that district courts err by basing a sentence enhancement on a prior conviction that is neither proved beyond a reasonable doubt to a jury nor admitted by the defendant. See, e.g., United States v. Camacho-Ibarquen, 410 F.3d 1307, 1315-16 (11th Cir.), cert. denied, No. 05-6178 (Oct. 11, 2005); United States v. Orduno-

3

Mireles, 405 F.3d 960, 962-63 (11th Cir.), cert. denied, No. 05-5141 (Oct. 3, 2005). We reject his invitation to revisit the issue. Pursuant to Almendarez-Torres and our uniform line of cases applying it, the district court did not err in sentencing Castanon-Hernandez based on his prior conviction for an aggravated felony.

**AFFIRMED.**