[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JANUARY 27, 2006
THOMAS K. KAHN
CLERK

_____

No. 05-13010
Non-Argument Calendar

_____

D. C. Docket No. 99-00011-CR-1-MMP

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

COREY JAVONE HUNT,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

**(January 27, 2006)**

Before MARCUS, WILSON and PRYOR, Circuit Judges.

PER CURIAM:

Corey Javone Hunt appeals his sentence for violation of his supervised

release.  See 18 U.S.C. § 3583(d).  Hunt argues that the district court (1) abused its discretion when it found that Hunt violated the terms of his supervised release and (2) plainly erred when it delegated a condition of his supervised release to a probation officer.  We affirm in part, vacate in part, and remand.

## I. BACKGROUND

In 1999, Hunt pleaded guilty to possession with intent to distribute cocaine base and was sentenced to 72 months of imprisonment and five years of supervised release.  The conditions of Hunt's supervised release required Hunt to refrain from (1) excessive use of alcohol, (2) violating federal, state, or local laws, and (3) the possession of any controlled substance.  Hunt began his term of supervised release on July 24, 2004.

On the morning of October 22, 2004, Sonja Grimes, Ruby Rucker, and Hunt went to a local club at 1:30 a.m.  When the club closed at 2:00 a.m., Grimes, Rucker, and Hunt left in a truck.  While they were leaving, they pulled up behind Officer Eric Reese, who recognized Hunt from their previous meetings.  Reese had a brief conversation with Hunt, who was in the driver's seat, before the truck proceeded westbound along West State Road 40.

Shortly after the encounter with Reese, the truck was involved in an accident.  As the truck was traveling at 106 miles per hour, it skidded across the

2

westbound lane, the grass median, and the eastbound lane. It eventually hit a building and tumbled on Southwest 16th Avenue before it landed on its passenger side against a second building. The collision with the first building caused significant damage to the driver side of the truck, and Grimes died as a result of the accident. Rucker was pulled from the passenger seat of the wreckage, but Hunt left the scene. Rucker sustained injuries to her left ear, left arm, left leg, and back. Hunt sustained cuts to his right arm, right leg, and lower back.

Hunt's probation officer charged Hunt with three counts of using a controlled substance, one count of using alcohol in excess, and four counts of violating federal, state, or local laws—vehicular homicide, leaving the scene of an accident, driving on a restricted license, and introducing contraband into a detention facility. At the revocation hearing, Hunt admitted to the three counts of using a controlled substance and one count of using alcohol in excess, but he denied the violations of federal, state, or local law. The government presented evidence on the charges of vehicular homicide and leaving the scene of an accident.

Reese, Rucker, and Officer William Woods, who conducted the investigation of the accident, testified. Officer Woods interviewed several witnesses, three of whom stated that Hunt was driving the truck at the time of the

3

accident. Woods also testified that Hunt admitted that he could not remember events from the previous evening because he was intoxicated. Woods presented blood tests of Rucker that showed there was no alcohol in her system on the night of the accident. Based on his investigation, Woods concluded that Hunt was driving the truck.

Reese and Rucker also testified that Hunt drove the truck. Reese testified that he saw Hunt in the driver's seat when the truck pulled up behind him at the nightclub. He also stated that he saw the truck leave in the direction of West State Road 40. Rucker testified that Hunt had driven the truck to and away from the nightclub. She stated that when Hunt lost control, he pulled at her hair and earring which partly caused the injuries to the left side of her head. At the time of the collision with the first building, Rucker testified that she saw Hunt on the floorboard in front of her. She also saw Hunt leave the scene of the accident after the truck landed on the passenger side.

Hunt presented testimony from several witnesses including James Ipser, a physics professor at the University of Florida at Gainesville. Ipser reconstructed the accident and reasoned that the driver in the accident would have suffered a strong impact to his left side. He concluded that Rucker was most likely the driver of the truck because of her injuries. Ipser also stated that one of the witnesses who

4

identified Hunt as the driver only had two-tenths of a second to view the driver of the truck. Hunt's other witnesses testified that Rucker had given an inconsistent account of the accident, Rucker had been drinking on the night of the accident, and Hunt had sustained cuts to his right arm and right leg.

The district court found that Hunt had been the driver of the truck and left the scene of the accident. The district court credited the testimony of Reese, Rucker, and a witness at the scene of accident who identified Hunt in the driver's seat. The court revoked Hunt's supervised release and sentenced him to 24 months of imprisonment and five years of supervised release. As a special term of his supervised release, the district court ordered that Hunt "participate in a program of mental health counseling as deemed necessary by the probation officer."

## II. STANDARD OF REVIEW

We review the revocation of supervised release for abuse of discretion. United States v. Frazier, 26 F.3d 110, 112 (11th Cir. 1994). We review the terms of a supervised release for abuse of discretion, but where the defendant fails to object at the district court, we reverse only for plain error. United States v. Zinn, 321 F.3d 1084, 1088 (11th Cir. 2003).

## III. DISCUSSION

Hunt argues that the district court abused its discretion when it held that he had violated the terms of his supervised release. Hunt also argues that the district court plainly erred when it imposed a condition of supervised release that delegated authority to the probation officer. We address each argument in turn.

### A. The District Court Did Not Abuse Its Discretion by Holding that Hunt Violated the Terms of His Supervised Release.

Hunt contends that the district court abused its discretion when it held that he violated the terms of his supervised release because there is insufficient evidence that he was the driver of the truck. A court may revoke a defendant's term of supervised release if the court "finds by a preponderance of the evidence that the defendant violated a condition of supervised release." 18 U.S.C. § 3583(e)(3). One condition of supervised release is that the defendant "not commit [a] Federal, State, or local crime during the term of supervision." Id. § 3583(d). Under Florida law, "'Vehicular homicide' is the killing of a human being . . . caused by the operation of a motor vehicle by another in a reckless manner likely to cause the death of . . . another." Fla. Stat. Ann. § 782.071. A defendant drives recklessly if he "drives any vehicle in a willful or wanton disregard for the safety of persons or property." Id. § 316.192(1).

Sufficient evidence supports the finding of the district court that Hunt

6

committed vehicular homicide. The parties do not dispute that the truck was traveling at 106 miles per hour when it crossed the median and Grimes died as a result of the accident. Recklessness is not in doubt; the only issue was the identity of the driver.

There was more than sufficient evidence that Hunt was the driver. Rucker testified that Hunt drove the truck to the nightclub, and Reese testified that Hunt drove the truck away from the nightclub. An eyewitness testified that she saw Hunt driving at the time of the accident. Hunt has not presented any eyewitness testimony that he was not the driver. Although Hunt argues that Ipser found it more likely that Rucker was the driver, the government offered competing testimony that Hunt was the driver. Because the credibility of a witness is within the province of the district court, we do not review a credibility determination of the district court. United States v. Copeland, 20 F.3d 412, 413 (11th Cir. 1994) (citations omitted).

Sufficient evidence also supports the finding of the district court that Hunt left the scene of the accident. Under Florida law, the driver of a vehicle involved in an accident that resulted in death has a duty to remain at the scene to assist the injured and the investigators. Fla. Stat. Ann. § 316.027(b); see id. § 316.062. Rucker provided testimony that Hunt left the scene after the accident. Hunt was

7

not present when officers and paramedics arrived on the scene. The district court did not abuse its discretion when it found that Hunt violated Florida law by committing vehicular homicide and leaving the scene of the accident.

*B. The District Court Plainly Erred by Delegating Authority to a Probation Officer for a Condition of Hunt's Supervised Release.*

Hunt argues that the district court plainly erred when it ordered participation in mental health counseling at the discretion of a probation officer. Because Hunt did not object to the conditions of his supervised release at the revocation hearing, we reverse only for plain error. Zinn, 321 F.3d at 1088. "To find reversible error under the plain error standard, we must conclude that (1) an error occurred, (2) the error was plain, and (3) the error affected substantial rights." Id. If these three criteria are met, we may reverse for plain error if it "seriously affect[s] the fairness, integrity, or public reputation of judicial proceedings." United States v. Olano, 507 U.S. 725, 730–32, 113 S. Ct. 1770, 1776 (1993).

We have held that "delegating to the probation office the authority to decide whether a defendant will participate in a treatment program is a violation of Article III" that constitutes plain error. United States v. Heath, 419 F.3d 1312, 1315 (11th Cir. 2005). Because Hunt's sentence would have been different but for the error, it affected Hunt's substantial rights. See id. at 1315–16. We have also stated that "[a] violation of Article III through the improper delegation of a judicial function"

8

"seriously affect[s] the fairness, integrity, or public reputation of judicial proceedings." Id. at 1316. Because the district court plainly erred when it ordered that Hunt "participate in a program of mental health counseling as deemed necessary by the probation officer," we vacate this term of his supervised release and remand for proceedings consistent with this opinion.

## IV. CONCLUSION

We affirm Hunt's sentence for 24 months of imprisonment and three years of supervised release. We vacate and remand for further proceedings the condition of Hunt's supervised release that required him to attend mental health counseling.

**AFFIRMED IN PART, VACATED IN PART, AND REMANDED.**