[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEBRUARY 3, 2006
THOMAS K. KAHN
CLERK

No. 05-13664
Non-Argument Calendar

_____

D. C. Docket No. 04-00112-CR-3-LAC

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MICKEY L. SKYLES,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

**(February 3, 2006)**

Before ANDERSON, CARNES and PRYOR, Circuit Judges.

PER CURIAM:

Mickey L. Skyles appeals his sentence for convictions of driving under the

influence and leaving the scene of an accident with injuries on federal park land, pursuant to 18 U.S.C. §§ 7 and 13, and Fla. Stat. § 316.193 and § 316.027. At sentencing, the district court ordered two special conditions of supervised release that gave the probation office the discretion to require drug or alcohol treatment and/or to require mental health counseling and treatment. On appeal, Skyles argues that the district court committed plain error by delegating a judicial function to the probation officer, specifically, the decision of whether Skyles would participate in the treatment programs. Skyles points out that in United States v. Heath, 419 F.3d 1312 (11th Cir. 2005), we held that this precise action was plain error. The government concedes that there was plain error regarding this issue.

When an issue was not raised before the district court, we review for plain error. Heath, 419 F.3d at 1314. Plain error exists if there was "(1) error, (2) that is plain, and (3) affects substantial rights. If all three conditions are met, an appellate court may then exercise its discretion to notice a forfeited error, but only if (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." Id. (quotations and citation omitted). To show that the error affected substantial rights, a defendant must show that the error "affected the outcome of the district court proceedings." Id. (quotation omitted). A violation of Article III of the United States Constitution seriously affects the "fairness, integrity, or public

2

reputation of judicial proceedings." Id.

In Heath, we held that leaving the decision of whether a defendant will participate in a mental health treatment program to a probation officer is plain error. Id. at 1315. We noted that the error was plain because it was clear under then-current law. Id. We stated that, in previous cases, this Court has held that delegating a judicial function is a violation of Article III of the U.S. Constitution. Id. (citing United States v. Prouty, 303 F.3d 1249, 1255 (11th Cir. 2002)). Also, we pointed out that all the circuits are in agreement that delegating to a probation office the authority to decide whether a defendant will participate in a treatment program is a delegation of judicial function, and therefore, a violation of Article III of the U.S. Constitution. Id. at 1315. We held that without the error in delegating the treatment decision, the district court would have decided whether the defendant needed treatment and incorporated that decision into his sentence. Id. at 1316. Therefore, delegating the treatment decision to a probation office affected substantial rights. Id. Lastly, we held that the violation of Article III in this context meets the fourth prong of plain error analysis. Id.

In this case, Heath is controlling. Imposing the treatment conditions on Skyles was plain error that affected substantial rights and seriously affected the fairness of the judicial proceedings. We vacate and remand Skyles's sentence for

3

the limited purpose of correcting the delegation of treatment programs to the discretion of the probation office.

**VACATED AND REMANDED FOR RESENTENCING.**