[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
May 24, 2006
THOMAS K. KAHN
CLERK

No. 04-16543
Non-Argument Calendar

_____

D. C. Docket No. 04-00011-CR-6

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

NAKAYUN HOLSEY,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Georgia

_____

**(May 24, 2006)**

Before ANDERSON, BIRCH and BLACK, Circuit Judges.

PER CURIAM:

Nakayun Holsey appeals a special condition of the supervised release imposed following his guilty plea to possession of crack cocaine with intent to distribute, 21 U.S.C. § 841(a)(1), and possession of a firearm by a convicted felon, 18 U.S.C. § 922(g)(1). The district court imposed as a special condition of supervised release that "if the probation officer determines it is necessary, the defendant shall participate in a program of treatment of drug and alcohol abuse as directed by the probation officer." Holsey asserts the district court plainly erred by improperly delegating its judicial function by leaving to the probation officer the determination of whether Holsey was required to participate in a substance abuse treatment program during his term of supervised release.

We review issues raised for the first time on appeal for plain error. *United States v. Heath*, 419 F.3d 1312, 1314 (11th Cir. 2005). Under the plain error test, before we can correct an error not raised in the district court, there must be error, that is plain, and that affects substantial rights. *Id.* If all three conditions are met, we may then exercise our discretion to notice a forfeited error, but only if the error seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Id.* Under Article III of the United States Constitution, a district court may not delegate to the probation officer the authority to make the ultimate decision of whether a defendant must participate in a treatment program. *Id.* at 1315.

2

The Government concedes the delegation was improper under *Heath*. We agree. The district court's delegation was in error, and the error was plain. *See id.* Holsey meets the burden of showing the error affected his substantial rights because his sentence would have been different but for the error. Absent the error, the district court would have decided whether Holsey had to participate in a substance abuse program, and that decision would have been incorporated into Holsey's sentence. *See id.* at 1316. Finally, a violation of Article III through an improper delegation of judicial function meets the requirement that the error seriously affect the fairness, integrity, or public reputation of judicial proceedings. *See id.*

The district court plainly erred by delegating the decision of whether Holsey must participate in drug and alcohol abuse treatment to the probation officer. Accordingly, we vacate this term of Holsey's supervised release and remand for proceedings consistent with this opinion.

VACATED AND REMANDED.

3