[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
July 12, 2006
THOMAS K. KAHN
CLERK

No. 05-13630

_____

D. C. Docket No. 05-00002-CR-4-RH-WCS

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MAURICIO DOMINGUEZ-VASQUEZ

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

**(July 12, 2006)**

Before EDMONDSON, Chief Judge, CARNES and PRYOR, Circuit Judges.

PER CURIAM:

Defendant-Appellant Mauricio Dominguez-Vasquez appeals a special condition of the supervised release imposed after he pled guilty to possession with intent to distribute more than five grams of methamphetamine and more than 50 grams of a mixture and substance containing methamphetamine, 21 U.S.C. §§ 841(a), (b)(1)(B)(viii); 851. Reversible error exists; we vacate the condition of Dominguez-Vasquez's supervised release that provides for his participation in a substance-abuse treatment program and remand.

The district court imposed as a special condition of Dominguez-Vasquez's supervised release that "[t]he defendant shall participate in a program of substance abuse treatment as may be directed by the probation officer." Dominguez-Vasquez argues that the district court plainly erred in improperly delegating to the probation officer the decision about whether he must participate in a substance abuse treatment program. The government concedes that the district court's delegation was plain error. We agree.

We review issues raised for the first time on appeal for plain error. United States v. Heath, 419 F.3d 1312, 1314 (11th Cir. 2005). Under the plain error test, before we can correct an error not raised in the district court, there must be error, that is plain, and that affects substantial rights. Id. (quotation omitted). If all three conditions are met, we may exercise our discretion to notice a forfeited error, but

2

only if the error seriously affects the fairness, integrity, or public reputation of judicial proceedings. Id. Under Article III of the United States Constitution, a district court may not delegate to the probation officer the authority to make the ultimate decision of whether a defendant must participate in a treatment program. Id. at 1315.

In this case, the district court plainly erred by delegating the decision of whether Dominguez-Vasquez must participate in substance abuse treatment to the probation officer. See id. This error affected Dominguez-Vasquez's substantial rights because his sentence would have been different but for the error. See id. at 1316. Without the error, the district court would have decided whether Dominguez-Vasquez had to participate in a substance abuse treatment program; and that decision would have been incorporated into his sentence. See id. And a violation of Article III through an improper delegation of judicial function meets the requirement that the error seriously affect the fairness, integrity, or public reputation of judicial proceedings. See id. Therefore, we vacate the condition of Dominguez-Vasquez's supervised release that provides for his participation in a

substance abuse treatment program and remand for proceedings consistent with this opinion.[1]

VACATED AND REMANDED.

---

[1] Despite Dominguez-Vasquez's request that, on remand, we allow him to raise all possible sentencing issues anew, the scope of our remand to the district court is limited to consideration of the condition of Dominguez-Vasquez's supervised release about his participation in a substance abuse treatment program.