[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
January 9, 2009
THOMAS K. KAHN
CLERK

_____

No. 08-13501
Non-Argument Calendar

_____

D. C. Docket No. 07-00248-CR-T-26-TBM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

SEFERINO MENDEZ-AGUILAR,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(January 9, 2009)**

Before ANDERSON, CARNES and MARCUS, Circuit Judges.

PER CURIAM:

Serefino Mendez-Aguilar appeals his 120-month sentence for illegally re-

entering the United States in violation of 8 U.S.C. § 1326. Mendez-Aguilar makes two contentions. First, he contends that the enhancement of his sentence based on his prior aggravated drug felony, pursuant to 8 U.S.C. § 1326(b), violates the Double Jeopardy Clause. Second, he contends that the district court's upward variance makes his sentence unreasonable.

## I.

Mendez-Aguilar acknowledges that he raises his Double Jeopardy Clause argument for the first time on appeal. When an issue was not raised before the district court, we review it only for plain error. United States v. Heath, 419 F.3d 1312, 1314 (11th Cir. 2005). "The four prongs of plain error review are: (1) there must be error; (2) the error must be plain; (3) the error must affect the appellant's substantial rights; and (4) the error must seriously affect the fairness, integrity, or public reputation of judicial proceedings." United States v. Novaton, 271 F.3d 968, 1014 (11th Cir. 2001) (internal quotation marks and alteration omitted). We will not correct any error unless all four requirements are met. Id.

Mendez-Aguilar's contention derails at the first prong. His sentence was enhanced under 8 U.S.C. § 1326(b), which provides that a defendant who was deported after committing an aggravated felony is subject to an increased statutory maximum sentence of 20 years imprisonment. See 8 U.S.C. § 1326(b)(2). The

Supreme Court has held that § 1326(b)(2) is a penalty provision authorizing a court to increase the sentence for a recidivist; it does not define a separate crime. See United States v. Almendarez-Torres, 523 U.S. 224, 226–27, 247, 118 S. Ct. 1219, 1222, 1233 (1998). Sentence enhancements are also not punishment for a previous offense. See Monge v. California, 524 U.S. 721, 728, 118 S. Ct. 2246, 2250 (1998). Instead, they provide for a harsher punishment for the newest crime. See id. Here the district court did not violate the Double Jeopardy Clause when it enhanced Mendez-Aguilar's sentence under § 1326(b) because the enhancement provided only a harsher punishment for his present conviction, not additional punishment for his prior ones.

## II.

Next, Mendez-Aguilar contends that his 120-month sentence, which exceeded the sentencing guideline range of 77–96 months, is both procedurally and substantively unreasonable. The parties dispute whether Mendez-Aguilar preserved this issue for appeal. Even if we assume that the issue was preserved, the reasonableness of Mendez-Aguilar's sentence is reviewed only for abuse of discretion. See Gall v. United States, 552 U.S. ___, 128 S. Ct. 586, 597 (2007). Under that standard of review, Mendez-Aguilar's contention fails anyway.

A sentence is procedurally unreasonable if the district court improperly

3

calculated the guideline imprisonment range, treated the guidelines as mandatory, failed to consider the 18 U.S.C. § 3553(a) factors, based the sentence on clearly erroneous facts, or failed to adequately explain its reasoning. See id. Mendez-Aguilar argues that his sentence was procedurally unreasonable because the district court based his sentence on the inaccurate finding that he did not have honest employment in the United States. We disagree. The relevant portion of the district court's discussion during sentencing states:

> The Court: I've sentenced many people for violating the immigration laws of the United States. I don't think I've ever had one like him with such an extensive criminal history and with such an extensive number of illegal entries. I mean, five times. On one occasion, he was deported on May 30th of 2001, and returned the next day. And it's not like he's working when he comes back, he comes back in the country, he commits crimes, drug offenses.
>
> . . .
>
> If a case, any case, ever called for an upward variance, it is this case. . . . Six times he comes back illegally with the last eight years. His history and characteristics, he just comes back here and commits offenses.
>
> We need to let people know that if they continue to repeatedly come into this country illegally, there will be severe consequences, especially if you come back into this country and you commit new crimes like he did. There's no question I need to protect the public from his future criminal activity.

Mendez-Aguilar's argument seizes on the district court's statement "it's not like he's working when he comes back." Even assuming that Mendez-Aguilar did

have gainful employment while he was in the United States (which the United States Probation Office could not confirm), it is clear that Mendez-Aguilar's employment status was not the basis for the district court's upward variance. Instead, the enhancement was based on  Mendez-Aguilar's "extensive criminal history" and "extensive number of illegal entries."  The district court properly considered the § 3553(a) factors and did not base his sentence on clearly erroneous facts.[1]

We also conclude that Mendez-Aguilar's sentence was substantively reasonable because it is supported by the § 3553(a) factors.  See Gall, 522 U.S. at __, 128 S. Ct. at 600.  The § 3553(a) factors include:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need for deterrence; (4) the need to protect the public; (5) the need to provide the defendant with needed educational or vocational training or medical care; (6) the kinds of sentences available; (7) the Sentencing Guidelines range; (8) pertinent policy statements of the Sentencing Commission; (9) the need to avoid unwanted sentencing disparities; and (10) the need to provide restitution to victims.

United States v. Talley, 431 F.3d 784, 786 (11th Cir. 2005) (citing 18 U.S.C. § 3553(a)).

---

[1]For the same reasons, Mendez-Aguilar's Due Process claim that he was sentenced based on "misinformation" or facts that are "materially untrue" also fails.

There is a "range of reasonable sentences from which the district court may choose," id. at 788, and "the party who challenges the sentence bears the burden of establishing that the sentence is unreasonable in light of both [the] record and the factors in section 3553(a)." Id. "Both the Guidelines calculations and the sentencing factors of section 3553(a) require a judge to consider characteristics of the defendant and the offense that make it more or less likely that the defendant will reoffend." United States v. Clay, 483 F.3d 739, 745 (11th Cir. 2007). The district court's sentence may be designed to deter others or incapacitate the defendant. See id.

Just as in Clay, "[t]his record reflects that the sentencing judge engaged in precisely this kind of objective risk assessment and then entered a sentence 'sufficient but not greater than necessary' to satisfy the purposes of section 3553(a)." Id. Mendez-Aguilar has demonstrated a disrespect for the law by repeatedly refusing to the law forbidding him from entering this country after he is deported. And when he has returned to the United States, he has committed crimes, including drug offenses. The district court considered the § 3553(a) factors. The upward variance was reasonable.

**AFFIRMED.**