[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JAN 23, 2009
THOMAS K. KAHN
CLERK

No. 08-14257
Non-Argument Calendar

_____

D. C. Docket No. 07-00374-CR-T-26-MSS

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MICHAEL S. CLARKE,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(January 23, 2009)**

Before BLACK, WILSON and FAY, Circuit Judges.

PER CURIAM:

Michael Clarke appeals his conviction for conspiracy to possess cocaine and

methamphetamine with intent to distribute, in violation of 21 U.S.C. § 846. On

appeal, Clarke argues that one juror's statements to another juror and to the bailiff

in the presence of additional jurors tainted the jury as a whole such that he did not

receive an impartial jury of his peers. The juror stated that he was concerned about

being recognized by trial spectators. Clarke argues that the juror's fear created a

prejudicial inference that Clarke associated with dangerous people.[1]

In *United States v. Dominguez*, 226 F.3d 1235 (11th Cir. 2000), we

affirmed the district court's handling of potentially tainted jurors. Clarke notes

that, in *Dominguez*, the district court asked the defendant's counsel if there were

additional questions counsel wanted the district court to ask the defendant, *see id.*

at 1246, while the district court in this case did not ask a similar question. Clarke

argues for the first time on appeal that the district court should have issued a

curative instruction that the jury should keep an open mind. Additionally, Clarke

argues that the district court was required to conduct a more searching inquiry into

---

[1]Clarke asserts for the first time on appeal that the conversation between the two jurors about the first juror's concerns violated their duty not to begin deliberating before all the evidence was entered. Further, Clarke argues that the other jurors who overheard the conversation violated their duty to report that conversation to the district court. Because Clarke raises these issues for the first time on appeal, we review them for plain error. *Johnson v. United States*, 520 U.S. 461, 466-67, 117 S. Ct. 1544, 1548-49 (1997). The district court did not plainly err in refusing to grant a mistrial based on possible premature jury deliberation because no evidence suggested that such deliberation had occurred. Furthermore, the court did not plainly err in failing to investigate the failure of other jurors to report the misconduct because the immediate investigation of the potential misconduct based on the bailiff's report made any other failure to report harmless.

potential prejudice and that the court failed to ensure that the second juror had not made a determination of Clarke's guilt. Further, Clarke argues that the district court should have investigated why the other jurors did not report to the court that they overheard discussion of the case. Therefore, Clarke argues he should receive a new trial.

We review the district court's response to allegations of juror misconduct for abuse of discretion. *Id.* When an issue was not raised before the district court, we review for plain error. *United States v. Heath*, 419 F.3d 1312, 1314 (11th Cir. 2005) (per curiam). Plain error exists if there was "(1) error, (2) that is plain, and (3) affects substantial rights. If all three conditions are met, an appellate court may then exercise its discretion to notice a forfeited error, but only if (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Id.* (internal quotation marks and citation omitted).

Every defendant in a serious criminal prosecution has the right to trial by "an impartial jury." U.S. Const. amend. VI. Jury misconduct can be based on outside influences or internal misconduct. *Dominguez*, 226 F.3d at 1246. "[T]he more serious the potential jury contamination, especially where alleged extrinsic influence is involved, the heavier the burden to investigate." *United States v. Harris*, 908 F.2d 728, 734 (11th Cir. 1990) (internal quotation marks and citation

3

omitted). Internal misconduct includes premature deliberations and bias against the defendant. *Dominguez*, 226 F.3d at 1246. A district court's discretion is broadest when dealing with internal jury misconduct. *Id*.

The district court is in the best position to determine whether the jury is capable of following its instructions. *Id*. at 1248. "We presume that a jury follows the court's instructions." *United States v. Shenberg*, 89 F.3d 1461, 1472 (11th Cir. 1996).

Here, after dismissing the tainted juror, the district court thoroughly questioned each of the remaining jurors individually to determine whether each juror could decide the case only on the evidence presented at trial. The district court determined that the jury would be impartial. Moreover, the district court repeatedly instructed the jury that the verdict must be based on the evidence presented at trial. The district court was in the best position to determine if additional instruction was necessary.

The district court did not abuse its discretion in investigating any potential taint of the jurors. Furthermore, the court did not plainly err by determining that a curative instruction for the jury to "keep an open mind" was unnecessary, nor did the court plainly err by choosing not to investigate further why the other jurors did not report the conversation they overheard.

## CONCLUSION

Upon review of the record and the parties' briefs, we discern no reversible error. Accordingly, we affirm Clarke's conviction.

**AFFIRMED.**