**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
March 1, 2011

Lyle W. Cayce
Clerk

No. 09-40642
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

MAURICE TURPIN,

Defendant-Appellant.

Appeals from the United States District Court
for the Southern District of Texas
2:09-cr-59-1

Before KING, BENAVIDES, and ELROD, Circuit Judges.

PER CURIAM:[*]

Maurice Turpin's appeal of his criminal conviction now comes before this court for the second time. In his first appeal, Turpin argued that the district court impermissibly delegated its judicial authority by giving the probation officer the power to decide whether Turpin would be required to participate in mental health and anger management programs as a condition of his supervised release. Because of a discrepancy between the written and oral sentence, however, we were uncertain whether the district court actually intended such

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

a delegation. Therefore, we remanded the case for the limited purpose of allowing the court to clarify. Because we are satisfied that the sentence as clarified delegates to the probation officer only the authority to implement, rather than impose, these special conditions, we now AFFIRM.

At Turpin's sentencing, the district court stated that Turpin would be subject to "[s]tandard terms and conditions of supervision, along with drug and alcohol treatment, alcohol abstinence, anger management, a nighttime restriction of 11:00 p.m. to 6:00 a.m., and mental health." The court made no mention of the probation officer having any role in these conditions. In the written judgment issued after the sentencing, however, the district court ordered Turpin to participate in mental heath and anger management programs "as deemed necessary and approved by the probation officer." After we remanded the case for clarification, the court proceeded to resentence Turpin—a procedure to which neither party objected. The amended written judgment specifies that the defendant is "required to participate" in a mental health program, as well as anger management counseling. Thus, neither requirement is left to the discretion of the probation officer.

Although our circuit has not yet decided whether a sentencing court may permit a probation officer to determine whether a defendant is required to undergo mental health treatment, such a delegation may be inappropriate. As our prior opinion in this case noted, this issue has split our sister circuits. The Third, Fourth, and Eleventh Circuits have held that imposing a sentence—including all conditions of probation—is a strictly judicial function, which the district court may not delegate.[1] The Eighth and Ninth Circuits, on the other hand, have held that limited authority regarding the details of

---

[1] *See United States v. Pruden*, 398 F.3d 241, 251 (3d Cir. 2005); *United States v. Johnson*, 48 F.3d 806, 808 (4th Cir. 1995) ("[T]he imposition of a sentence, including any terms for probation or supervised release, is a core judicial function."); *United States v. Heath*, 419 F.3d 1312, 1315 (11th Cir. 2005) ("[D]elegating to the probation office the authority to decide whether a defendant will participate in a treatment program is a violation of Article III.").

supervised release may be delegated to probation officers, so long as a judicial officer retains ultimate authority and responsibility for approving conditions of probation.[2] Likewise, the Sixth Circuit has held that, although "fixing the terms and conditions of probation is a judicial act which may not be delegated," delegating such things as the schedule of restitution payments is permissible.[3] Resolution of this question in our circuit will have to wait for another day, as this case no longer presents any delegation problem.

On a limited remand seeking clarification, the district court should not have conducted a resentencing, in light of the well-established rule that a district court may not interfere with the appellate court's jurisdiction by altering the judgment under review.[4] Nevertheless, in the unique circumstances of this case, we treat the amended sentence as merely the court's clarification of the original sentence. At the original sentencing, the probation officer's role in the mental health conditions was ambiguous because of the discrepancy between the oral and written sentences. The language of the amended sentence resolves that ambiguity by clarifying that the defendant is unconditionally required to participate in the mental health programs, and that the probation officer's role is limited to implementing those requirements. Such a role raises no delegation issues. Accordingly, we AFFIRM the original sentence as clarified.

---

[2] *See United States v. Mickelson*, 433 F.3d 1050, 1057 (8th Cir. 2006); *United States v. Bowman*, 175 F. App'x 834, 838 (9th Cir. 2006) (unpublished) (finding that delegating limited authority to probation officer to recommend whether or not defendant should have unsupervised visits is permissible, because "if the probation officer arbitrarily or unfairly denies [defendant] a favorable recommendation, [defendant] is free to seek relief from the district court").

[3] *Weinberger v. United States*, 268 F.3d 346, 359-61 (6th Cir. 2001).

[4] *See Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982) (per curiam) ("The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal."); *United States v. Cook*, 592 F.2d 877, 880 (5th Cir. 1979) ("The district court [does] not reacquire jurisdiction over [a] case until the mandate of this court [has] issued.").