[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 09-15078

_____

D. C. Docket No. 07-00157 CR-DHB-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

WILBUR ST. SURIN,
a.k.a. Officer Frost,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Georgia

_____

(July 24, 2012)

Before ANDERSON and EDMONDSON, Circuit Judges, and LAWSON,* District Judge.

PER CURIAM:

Defendant appeals the District Court's imposition of a $3,500 fine following

---

* Honorable Hugh Lawson, United States District Judge for the Middle District of Georgia, sitting by designation.

Defendant's conviction (by plea bargain) for conspiracy to distribute and possess with intent to distribute marijuana, in violation of 21 U.S.C. § 846; the fine was to be paid in installments. Defendant made no objection to the fine amount or the payment terms at sentencing.

The District Court set a minimum payment to be paid in each installment. But if Defendant chose, he might pay more by participating in a Bureau of Prisons program. So, Defendant contends that the District Court impermissibly delegated its authority to the Bureau of Prisons to change (that is, to increase) the fine payment scheme. Defendant also contends that the District Court plainly erred by finding that Defendant was incapable of paying a fine within the Sentencing Guidelines range and then imposing a fine just $500 less than the lower-end of the Sentencing Guidelines range. We affirm the sentence because the District Court made no plain error.

## Background

At Defendant's sentencing hearing, the District Court made these pertinent statements about Defendant's fine:

While this man does not have the ability to pay a fine within the guideline range [$4,000 to $40,000], he certainly does have the ability to pay a fine in the amount of $3,500. While in the custody of the Bureau of Prisons, this defendant is to make payments of quarterly installments of a minimum of $25 if working non-UNICOR or a minimum of 50 percent of monthly earnings if working UNICOR.[1]

Upon release from imprisonment and while on supervised release, the defendant shall make minimum monthly payments of $100 over a period of up to -- we'll say 35 months or the amount of time that it takes to retire the payment of the fine entirely. I will not accrue interest on the fine. Payments are to be made on the fine to the Clerk of Court.

The District Court's written "Judgment in a Criminal Case" includes similar language. Because Defendant contends the District Court's decision impermissibly delegated judicial branch authority to the executive branch's Bureau of Prisons ("BOP"), it is worthwhile to set out fully the pertinent sentencing language from the Judgment:

Special instructions regarding the payment of criminal monetary penalties:

While in the custody of the Bureau of Prisons, the defendant shall make payments of either quarterly installments of a minimum of $25 if working non-UNICOR or a minimum of 50 percent of monthly earnings if working UNICOR. Upon release from imprisonment and while on supervised release, the defendant shall make minimum monthly payments of $100 over a period of 35 months. Payments are to be made payable to the Clerk, United States District Court . . . .

---

[1]"UNICOR is a program through which inmates manufacture products pursuant to government contracts." United States v. Allen, 190 F.3d 1208, 1209 n.1 (11th Cir. 1999).

3

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program,[2] are made to the clerk of court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

Defendant made no contemporaneous objection to either the District Court's statements at the sentencing hearing or to the written Judgment.

Discussion

Because Defendant failed to object to the District Court's imposition of the fine, we review Defendant's sentence for plain error. United States v. Hernandez, 160 F.3d 661, 665 (11th Cir. 1998). So, we will not vacate the sentence unless there exists (1) error; (2) that is plain; and (3) affects substantial rights. United States v. Shelton, 400 F.3d 1325, 1328-29 (11th Cir. 2005) (quotations omitted). If these three conditions are met, we correct only if "the error seriously affects the

---

[2] The Inmate Financial Responsibility Program ("IFRP") was created to encourage "each sentenced inmate to meet his or her legitimate financial obligations." 28 C.F.R. § 545.10. The IFRP is a voluntary program, but potentially adverse consequences exist for prisoners who fail to participate. See id. § 545.11(d). The powers that are the Bureau of Prisons' per IFRP are not powers of judicial delegation; they are powers the BOP has apart from the Courts.

4

fairness, integrity, or public reputation of judicial proceedings." Id. at 1329 (quotations omitted). And "'[p]lain' is synonymous with 'clear' or, equivalently, 'obvious.'" United States v. Olano, 113 S. Ct. 1770, 1777 (1993) (discussing appellate review of plain error pursuant to Fed. R. Crim. Proc. 52(b)).

Imposition of a Fine $500 Less than the Sentencing Guidelines Minimum

Defendant contends that the District Court plainly erred by fining Defendant just $500 less than the lower end of the Sentencing Guidelines range. Defendant contends that the record does not suggest that Defendant possesses a present or future ability to pay the $3,500 fine. Defendant bears the burden of proof to establish the inability to pay a fine. Hernandez, 160 F.3d at 665.

We do not require the sentencing court to make specific findings of fact for the Sentencing Guidelines as long as "the record reflect[s] the district court's consideration of the pertinent factors prior to imposing the fine." Id. at 665-66 (quotations omitted).[3] Without a contemporaneous objection, "the district court [has] no notice of the need to make further findings with respect to the fine." Id.

---

[3] United States Sentencing Guidelines Section 5E1.2(d) lists the pertinent factors for the court to consider.

5

at 666.  When the District Court reviews the presentence investigation report ("PSI") before imposing the fine, we infer that the District Court considered the pertinent factors before imposing the fine.  United States v. Khawaja, 118 F.3d 1454, 1459 (11th Cir. 1997).

Defendant has not carried his burden of showing that the District Court plainly erred in imposing the fine.  The record reflects the District Court reviewed the PSI (and considered the required factors) before imposing the fine.  The PSI reflects that Defendant has a negative net worth and has had a spotty employment history.  But, Defendant has no dependents, has a high school diploma, and possibly has a technical degree.  Defendant also has no addiction or psychological problems and was 35 years old and physically healthy when sentenced. Defendant's contention that the fine was imposed in error because the fine was just $500 less than the Guidelines range is unpersuasive: given the information before the District Court, a reduction in fine of 12.5% from the low end of the Guidelines range (from $4,000 to $3,500) constitutes no plain error.

Defendant has failed to show that the District Court plainly erred in imposing a fine $500 below the Guidelines range.

Alleged Delegation to BOP

Defendant contends that the District Court committed plain error by establishing only a "floor"on the amount of Defendant's payments, thereby impermissibly delegating a "core judicial function" (to set fines pursuant to 18 U.S.C. § 3572) to the executive branch.[4]  We observe again that no objection was made to the sentence; so the sentencing court had no chance to sharpen or to clarify his decision with the help of defense counsel.  We conclude that the District Court made no improper delegation (or, at least, no plainly improper one) of judicial authority to the executive branch.

First, the District Court did what 18 U.S.C. § 3572 requires:  the court mandated payments either monthly or quarterly and stated how long Defendant must continue to pay after his release from custody.  That is, the District Court set both a schedule and timetable for payment  (quarterly payments while incarcerated, monthly payments after release) along with a stated minimum

_____

[4] Section 3572 provides that "[a] person sentenced to pay a fine or other monetary penalty, including restitution, shall make such payment immediately, unless, in the interest of justice, the court provides for payment on a date certain or in installments.  If the court provides for payment in installments, the installments shall be in equal monthly payments over the period provided by the court, unless the court establishes another schedule."  18 U.S.C. § 3572(d)(1).  Section 3572 also directs that "the length of time over which scheduled payments will be made shall be set by the court[.]"  Id. § 3572(d)(2).

7

amount for payment. Section 3572 contains no requirement that the District Court specify the exact amount of each installment payment. That the District Court set just a minimum payment amount does not indicate some kind of implicit delegation to the BOP to raise unilaterally the amount of Defendant's installment payments. No plain error has been shown in the light of the statute, in itself.

Furthermore, no case cited by Defendant demonstrates that the District Court here committed plain error. We have written before in the restitution context that a District Court may not expressly delegate to the probation office the setting of both the payment timing and installment amounts. United States v. Prouty, 303 F.3d 1249 (11th Cir. 2002). Prouty is Defendant's best case. Prouty involved restitution payments under the Mandatory Victims Restitution Act.[5] There, the District Judge -- after the defendant objected to having to pay in-full and immediately more than $5 million in restitution -- expressly stated, "I will leave that [the payment schedule and installment amounts] to the discretion of the Probation Office or whoever does that." Id. at 1251. No such express delegation occurred here: the District Court set both a schedule and timetable for payment

---

[5] 18 U.S.C. § 3664.

along with a stated minimum amount for each payment.[6] Our case law does not spotlight a plain error.

To the extent that the case law of other circuits might matter on the issue of plain error, the cases from other circuits Defendant cites are distinguishable for many reasons but chiefly because those other cases involved a clear delegation of authority. See, e.g., United States v. Kyles, 601 F.3d 78, 82, 86-87 (2d Cir. 2010) (noting that the District Court explicitly ordered that the defendant's payments "be increased in accordance with the guidelines of the [IFRP]."); United States v. Miller, 77 F.3d 71, 74 (4th Cir. 1996) ("In both its oral pronouncement and written judgment, the district court ordered that Miller make payments . . . at such times and in such amounts as the Bureau of Prisons and/or Probation Office may direct."). The District Court in this case, however, made no such unambiguous delegation and committed no plain error.[7]

---

[6] In addition, we reject Defendant's contention that our decision in United States v. Heath, 419 F.3d 1312 (11th Cir. 2005), compels us to conclude that some kind of per se plain error occurred here. Heath involved the delegation to a probation officer of the court's authority to direct the defendant to participate in a mental health program; Heath is readily distinguishable from the case at hand, is not binding in these circumstances, and does not support a claim of plain error: not clear under present law.

[7] Defendant also points to 18 U.S.C. § 3572(d)(3). Section 3572(d)(3) requires that when a District Court levies an installment fine as part of the court's judgment, the court must include "a requirement that the defendant will notify the court of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay the fine" so that "the court may . . . adjust the payment schedule." 18 U.S.C. § 3572(d)(3).
Defendant contends that the District Court's omission of this mandatory statutory

## Conclusion

The District Court committed no plain error. We AFFIRM the sentence.

But the District Court committed a clerical error and omitted from its written "Judgment in a Criminal Case" the mandatory language of 18 U.S.C. § 3572(d)(3). So, we REMAND to the District Court for the limited purpose of amending the "Judgment in a Criminal Case" (Doc. No. 91, 14 September 2009) to include section 3572(d)(3)'s mandatory language.

AFFIRMED and REMANDED with instructions.

---

language evidences the court's delegation of the court's authority over Defendant's sentence. We disagree. The District Court, despite erring by failing to include the mandatory statutory language, retained control over Defendant's sentence and fine repayment. And although Defendant claims he participated in the IFRP and increased his monthly payments to $100 "under duress," to satisfy the third part of the plain error test "the burden truly is on the defendant to show that the error actually did make a difference[.]" United States v. Rodriguez, 398 F.3d 1291, 1300 (11th Cir. 2005). On the totality of this record, Defendant has not demonstrated that the District Court's error in failing to cite section 3572(d)(3)'s mandatory language actually made a difference and affected Defendant's substantial rights. So, the District Court's error in failing to include the mandatory language is not "plain" and does not require vacating Defendant's sentence.