[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 21-11365

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

DAVID SHANE PAQUETTE,
a.k.a. David Shane Watson,
a.k.a. Phillip Connell,

Defendant-Appellant.

————————————

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 8:19-cr-00264-WFJ-TGW-1

————————————

Before WILLIAM PRYOR, Chief Judge, JORDAN and NEWSOM, Circuit Judges.

PER CURIAM:

David Paquette appeals the judgment in his criminal case that imposed a special condition limiting contact with minors as a term of his sentence for failing to register as a sex offender. 18 U.S.C. § 2250(a). Paquette challenged his sentence to supervised release on three grounds, two of which we previously concluded are barred by the appeal waiver in his written plea agreement. In his remaining ground for relief, Paquette argues, for the first time, that a special condition of his supervised release that leaves to "the discretion of the probation office . . . [whether he] may be required to have no direct contact with minors (under the age of 18) without the written approval of the probation officer" constituted an improper delegation of judicial authority. As the government concedes, the district court plainly erred in delegating the implementation of a condition of supervised release to a probation officer. *See United States v. Nash*, 438 F.3d 1302, 1306 (11th Cir. 2006). We vacate the special condition and remand for further proceedings.

Because Paquette challenges the condition of his supervised release for the first time on appeal, our review is for plain error. *See id.* at 1304. To constitute plain error, the district court must have made an error that was plain and that affects Paquette's substantial rights. *Id.* When plain error occurs, we may reverse if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Id.*

To determine whether the district court improperly delegated its sentencing authority, we draw a distinction between the delegation "of a ministerial act or support service" and "the ultimate responsibility" of imposing the sentence. *Id.* at 1304–05. The district court may not delegate the ultimate responsibility of deciding whether to impose a condition of supervised release. *Id.* at 1305. But the district court may delegate the ministerial function of how, when, and where the defendant must comply with the condition. *Id.*

In *Nash*, we concluded that the district court plainly erred by delegating a judicial function to a probation officer. The district court imposed as a condition of supervised release that, "[a]s deemed necessary by the Probation Officer, the defendant shall participate in mental health counseling, which may include inpatient treatment." *Id.* at 1304. We concluded that condition was an improper delegation of authority because the probation officer instead of the district court decided whether Nash was required to participate in mental health counseling. *Id.* at 1306.

As in *Nash*, the district court plainly erred in Paquette's case. The district court erred by delegating to Paquette's probation officer ultimate authority to determine whether Paquette could have direct contact with minors. *See id.* Because the decision whether to impose a special condition of supervised release is a judicial function, the error was plain. *See id.* The error affected Paquette's substantial rights because, without the error, the district court, rather than the probation officer, would have decided the extent of Paquette's interaction with minors. *See United States v. Heath*, 419 F.3d 1312, 1314–16 (11th Cir. 2005). And the improper delegation of a judicial function is an error that seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Id.* at 1316. We vacate the special condition of supervised release and remand for the district court to decide whether to impose the special condition.

**VACATED** and **REMANDED.**