[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 17-14851
Non-Argument Calendar

_____

D.C. Docket No. 1:16-cr-00297-MHC-JSA-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DOUGLAS B. HARDEN,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(July 31, 2018)

Before MARCUS, NEWSOM and HULL, Circuit Judges.

PER CURIAM:

Douglas Harden appeals a special condition of his supervised release,

imposed as part of his 81-month total sentence for firearm offenses under 18

U.S.C. §§ 922(g)(1), 924(a)(2), and 924(c)(1)(A).  On appeal, Harden argues that: (1) the district court abused its discretion at sentencing by imposing a special condition of supervised release requiring him to participate in mental health treatment and to comply with a sex contract, if deemed necessary by the probation officer, because his current crimes were unrelated to a sex offense, and his prior sex offense occurred over twenty years ago; and (2) the court abused its discretion in delegating the authority to impose this condition to the discretion of the probation officer.  The government concedes that the district court committed plain error in delegating the implementation of the condition to the probation officer.  After thorough review, we affirm in part and vacate and remand in part.

We review the imposition of a special condition of supervised release for abuse of discretion.  United States v. Taylor, 338 F.3d 1280, 1283 (11th Cir. 2003).  We will reverse only if we are left with the definite and firm conviction that the district court committed a clear error of judgment in the conclusion it reached.  Id.  Normally, we review constitutional issues de novo.  United States v. Nash, 438 F.3d 1302, 1304 (11th Cir. 2006).  However, when an appellant raises an issue for the first time on appeal, we review the issue for plain error.  United States v. Heath, 419 F.3d 1312, 1314 (11th Cir. 2005).  Under plain error review, the defendant must show (1) an error (2) that was plain and (3) affected the defendant's substantial rights.  United States v. Olano, 507 U.S. 725, 732–36

2

(1993). An error is not plain unless it is obvious or clear under current law. United States v. Dortch, 696 F.3d 1104, 1114 (11th Cir. 2012). When these factors are met, we may exercise our discretion and correct the error if it "seriously affects the fairness, integrity or public reputation of judicial proceedings." Olano, 507 U.S. at 736 (quotations and alteration omitted). Under the prior panel precedent rule, we are bound to follow our binding precedent unless it is overruled by the Court sitting en banc or by the Supreme Court. See United States v. Vega–Castillo, 540 F.3d 1235, 1236 (11th Cir. 2008).

Under 18 U.S.C. § 3583(d), the district court is required to impose a number of conditions on a defendant's term of supervised release. 18 U.S.C. § 3583(d). In addition, the district court "may order . . . any other condition it considers to be appropriate," but only to the extent that the condition:

> (1) is reasonably related to the factors set forth in [18 U.S.C.] section 3553(a)(1), (a)(2)(B), (a)(2)(C), and (a)(2)(D); (2) involves no greater deprivation of liberty than is reasonably necessary for the purposes set forth in section 3553(a)(2)(B), (a)(2)(C), and (a)(2)(D); and (3) is consistent with any pertinent policy statements issued by the Sentencing Commission pursuant to 28 U.S.C. 994(a).

Id. The relevant § 3553(a) factors include the nature and circumstances of the offense, the defendant's history and characteristics, and the need for the sentence imposed to: (1) afford adequate deterrence to criminal conduct; (2) protect the public from further crimes of the defendant; and (3) provide the defendant with

3

needed educational or vocational training, medical care, or other correctional treatment in the most effective manner. 18 U.S.C. § 3553(a)(1), (a)(2)(B)–(D).

We've said that special conditions of supervised release need not be related to each of the relevant § 3553(a) factors. United States v. Moran, 573 F.3d 1132, 1139 (11th Cir. 2009). Instead, each factor is an independent consideration to be weighed. Id. Although a condition of supervised release should not unduly restrict a defendant's liberty, a condition is not invalid simply because it limits a probationer's ability to exercise constitutionally protected rights. Id. Further, the Sentencing Guidelines recommend that the court order, as a special condition of supervised release, that the defendant participate in a mental health treatment program "[i]f the court has reason to believe that the defendant is in need of psychological or psychiatric treatment." U.S.S.G. § 5D1.3(d)(5).

We've upheld special conditions of supervised release that were not directly related to the defendant's offense of conviction. In Moran, we affirmed the district court's imposition of a number of conditions on the defendant's supervised release that were typical for sex offenders, even though the defendant was convicted of possession of a firearm by a convicted felon. 573 F.3d at 1134-35. In imposing these conditions, the district court had considered the defendant's criminal history, which included: (1) two prior convictions for sex-related offenses, one of which involved a four-year-old girl; (2) arrests for sexual crimes against his wife and

4

child; and (3) violations of the conditions of his supervised release for a prior conviction by living with his girlfriend and her minor daughter.  Id. at 1135–36. We observed that certain factors, like the failure to register as a sex offender, may negate a defendant's argument that an offense is too remote to be considered for special conditions.  Id. at 1139.

Here, the district court did not abuse its discretion when it imposed the special condition of supervised release requiring Harden to participate in mental health treatment and comply with a sex offender contract.  As the record reveals, Harden's criminal history included a child molestation offense, which involved his daughter, and his failure to register as a sex offender on multiple occasions.  The district court expressly found that Harden's prior sex offense was a "horrible crime" and that the totality of Harden's past behavior suggested that something was "going on" that needed to be treated.  Thus, the special condition was reasonably related to certain § 3553(a) factors -- specifically, the need to deter Harden from committing future criminal conduct, the need to protect the public based on his criminal history, and the need to provide Harden with needed treatment.  18 U.S.C. §§ 3553(a)(1)–(2), 3583(d)(1).

It is true that Harden's child molestation case occurred over twenty years ago and was unrelated to his current firearm convictions; but under our case law, the special condition imposed is valid, especially considering Harden's criminal

5

history and his repeated failure to register as a sex offender. Moran, 573 F.3d at 1135, 1139. And although compliance with a sex offender contract could limit Harden's ability to exercise certain constitutionally protected rights, this limitation does not, on its own, make the condition unduly restrictive. Id. at 1139. The condition also complies with the Sentencing Commission policy recommending that mental health program participation be mandated as a special condition if a defendant is in need of psychological treatment. U.S.S.G. § 5D1.3(d)(5). Accordingly, we affirm the district court's imposition of the special condition.

However, we are compelled to conclude the condition is improper to the extent the court delegated the authority to the probation office to decide whether to impose the condition. In determining whether a court improperly delegated the judicial authority of sentencing, we draw a distinction between the delegation to a probation office of "a ministerial act or support service" and "the ultimate responsibility" of imposing the sentence. Nash, 438 F.3d at 1304–05 (quotation omitted). Article III courts may not delegate the ultimate responsibility of judicial functions to the probation office, but courts may delegate the ministerial function of how, when, and where the defendant must participate. Id. at 1305–06.

We've previously held twice, on plain error review, that a district court impermissibly delegated a judicial function to a probation officer. Heath, 419 F.3d at 1314–15; Nash, 438 F.3d at 1306. In Heath, the district court imposed a

6

condition of supervised release that read as follows: "The defendant shall participate if and as directed by the probation office in such mental health programs as recommended by a psychiatrist or psychologist to include residential treatment, outpatient treatment, and psychotropic medications as prescribed by a medical doctor." 419 F.3d at 1314. Reviewing for plain error, we found this provision to be an improper delegation of judicial authority to the probation officer, because it gave the officer the authority "to make the ultimate decision" of whether Heath needed to participate in treatment at all. Id. at 1315. Because requiring a defendant to participate in mental health counseling is "unquestionably a judicial function," the error was plain. Id. Further, Heath's sentence would not have been the same but for the error. Id. at 1315–16. Finally, we held that Heath demonstrated that "the error seriously affect[ed] the fairness, integrity, or public reputation of judicial proceedings." Id. at 1316 (quotation omitted).

Similarly, in Nash, we considered the following condition of supervised release: "As deemed necessary by the Probation Officer, the defendant shall participate in mental health counseling, which may include inpatient treatment." 438 F.3d at 1304. We held that the district court plainly erred when it imposed this condition because, although the condition stated that Nash "shall" participate in mental health counseling, this order was subject to the conditional phrase "as deemed necessary by the Probation Officer." Id. at 1306. Thus, whether Nash was

required to participate in mental health counseling turned on the judgment of the probation officer, not the court, which we held to be an improper delegation to the probation officer of the district court's ultimate responsibility. Id. We concluded that Nash had satisfied the plain error test. Id.

Because Harden failed to raise the issue of whether the challenged condition impermissibly delegated a judicial function to the probation office in the trial court, we review for plain error. Heath, 419 F.3d at 1314. And as the government concedes on appeal, the district court committed a plain error when it gave the probation office the discretion to determine if Harden should participate in mental health treatment and follow a sex offender contract. For starters, the court erred under our case law by giving the probation office this authority, since the duty was not merely a ministerial function of how, when, and where Harden must complete the condition; rather, the terms of the condition required the probation office to "make the ultimate decision" of whether he needed to participate in treatment at all. Nash, 438 F.3d at 1304–05; Heath, 419 F.3d at 1314. In addition, this error was plain following our decisions in Heath and Nash. Dortch, 696 F.3d at 1114; Vega–Castillo, 540 F.3d at 1236.

The error also affected Harden's substantial rights, because absent the error, the court would have had to decide whether he needed to participate in mental health treatment and a sex offender contract, and that decision would have been

incorporated into his sentence.  <u>Heath</u>, 419 F.3d at 1316.  Finally, as we've said before, the improper delegation of a judicial function is an error that seriously affects the fairness, integrity, or public reputation of judicial proceedings.  <u>Id</u>.; <u>Vega–Castillo</u>, 540 F.3d at 1236.  Accordingly, the district court plainly erred in imposing the special condition, and we vacate and remand as to this matter for further proceedings in the district court.

**AFFIRMED IN PART, VACATED AND REMANDED IN PART.**